Clerk of the
Circuit Court

IN THE CIRCUIT COURT OF MARYLAND
FOR PRINCE GEORGE'S COUNTY

~~KENNETH SANDERS, an individual;~~
PAULA WEBBER,      an individual
                    Plaintiffs,

vs.

DESIREE CALLENDER, an individual;
**Desiree Callender, Registered Agent**
2002 Clearwood Drive
Mitchellville, MD 20721

DESIREE CALLENDER & ASSOCIATES,
REALTORS LLC, A Limited Liability Co.
Principal Office
2905 Mitchellville Rd, St 101
Bowie, MD 20716

**Desiree Callender, Registered Agent**
2002 Clearwood Drive
Mitchellville, MD 20721

VENDOR RESOURCE MANAGEMENT,
INC, a business entity;
**Registered Agent**
CT Corporation Systems
1999 Bryan Street, Ste 900
Dallas, TX 75201

Deputy Sheriff G. Brown, #235, an individual;
**Serve: Attorney General Brian E. Frosh**
State of Maryland
200 St. Paul Place
Baltimore, MD 21202

PRINCE GEORGE'S COUNTY SHERIFF
DEPARTMENT, a law enforcement branch
**Serve: Attorney General Brian E. Frosh**
State of Maryland
200 St. Paul Place, Baltimore, MD 21202

Case No.: CAL17-10667

1. NEGLIGENCE
2. CONVERSION -
3. FALSE IMPRISONMENT
4. LOSS OF PROFITS/INTERFERENCE
   WITH PROSPECTIVE ECONOMIC
   ADVANTAGE
5. ASSAULT and BATTERY
6. 42 USC 1983
7. TRESPASS TO CHATTELS
8. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS

Demand for Jury Trial

Complaint                    Sanders et al. v. Callender, et al.

1

2

3

4

**Serve: Peter Franchot**
Comptroller of Maryland
80 Calvert Street
Annapolis, MD  21404-0466

)
)
)
)
)

5 **Serve: John C. Wobensmith**
Secretary of State

6 16 Francis St
Annapolis MD  21401

7

8 PRINCE GEORGE'S COUNTY POLICE
DEPARTMENT, a law enforcement branch and

9 DOES, 1-50.
**Serve: Angela D. Alsobrooks**, State's Attorney

10 Office of the State's Attorney
Courthouse, Room 349M

11 14735 Main St.
Upper Marlboro, MD 20722

12

13

14 **Serve: Rushern L. Baker**
Office of the County Executive

15 County Admin Building  Rm 5032
14741 Governor Oden Bowie Dr.

16 Upper Marlboro, MD 20772

17 GOMEZ TOWING, a business entity;
**Serve: Ernesto O. Gomez, Owner**

18 906 Shelby Dr.
Oxon Hill, MD  20745

19

20 MARLBORO TOWING/CHAMPION
TOWING & SERVICES, INC, a business entity;

21 **Serve: Mike Ryon, Registered Agent**
8490B Burton Lane,

22 Upper Marlboro, MD 20722

23

24

25

26

27

28

Defendant (s)

2

Complaint                    Sanders et al. v. Callender, et al.

COMES NOW the Plaintiffs **Kenneth Sanders and Paula Webber** for causes of

action in tort and contract as follows:

2. Plaintiffs files this action for damages precipitated by the events and acts of

defendants resulting in physical injuries and economic damages and injury as alleged.

Plaintiffs are a protected class of individuals as homeowners of real property within the state

of Maryland.

PARTIES

3. Defendants are as appears on the caption and are in some manner responsible for

the wrongful and illegal acts complained of herein. Defendants and each of them are business

entities, LLC's and corporations, organized and existed under the laws of the State of

Maryland and other jurisdictions, yet unknown who have contacts and are doing business in

Maryland.

4. Defendants and inclusively, Does 1-50, as parties yet unknown each of them are

and at all times herein mentioned were and are, a business entity or individual or entity agent

or assignee or successor in interest doing business in Maryland and are responsible for the acts

and events complained of herein.

5. Defendant NON-ENTITIES ARE INDIVIDUALS with principal places of business

within their county and state. Defendant Prince George's County Police Department and

Prince George's County Sheriff's Department are law enforcement branches of the county of

Prince George's and agents and arm of the Prince George's County Courts, and State of

Maryland. Sheriff G. Brown, an individual and employee and agent of the above sheriff's

department acting under badge number 235, was acting as an employee of the sheriff's

3

Complaint                    Sanders et al. v. Callender, et al.

department alleged, agent of the department and of the county courts, and the State of

Maryland, herein in doing all acts and committing wrongful civil and criminal violations of

plaintiffs rights. In acting he was also acting as an individual and bears responsibility for the

acts, injuries and damages occasioned by the plaintiffs herein.

ALLEGATIONS OF AGENCY AND VICARIOUS RESPONSIBILITY UNDER

RESPONDEAT SUPERIOR .

5a. Plaintiffs alleged that the acts of each defendants and Does 1-50, were committed

individually, and done as agents acting for others and at their direction and under the theories

of vicarious liability for each of the stated acts and under the theory of respondeat superior,

thus making all actor defendants responsible for all of the acts of the other defendants by

causing any damages, injuries or losses occasioned by plaintiffs.

6. Defendants Desiree Callender, is an individual, who also serves as the registered

agent for Desiree Callender & Associates, Realtors LLC, a business entity owned and

operated as a real estate and eviction company, under contract with **Vendor Resource**

**Management, Inc**. Desiree Callender, and Desiree Callender & Associates, Realtors LLC, a

business entity or individual who owns, operates, controls and manages fully the day to day

operations and activities and directs its activities without limitation, and is believed to do

business in this governmental county.

4

7. Defendants **Vendor Resource Management, Inc.**, is a business entity owned and operated as a real estate and eviction company, under contract with Department of Veterans Affairs, a business entity or individual who owns, operates, controls and manages fully the day to day operations and activities and directs its activities without limitation, and is believed to do business in this governmental county.

8. Defendants **Gomez Towing**, a business entity or individual who owns, operates, controls and manages fully the day to day operations and activities and directs its activities without limitation, and is believed to do business in this governmental county.

9. Defendants **Marlboro Towing/Champion Towing Services, Inc.**, a business entity or individual who owns, operates, controls and manages fully the day to day operations and activities and directs its activities without limitation, and is believed to do business in this governmental county.

10. If plead, the phrase, "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse to Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to Maryland Codes.

11.    Plaintiff Sanders and Plaintiff Webber are individuals and the lawful owners of all personal property the subject of this action, both itemized and non-itemized.

12.    Plaintiffs do not know the true names and capacities of each of the defendants sued herein as DOES 1 through 50 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiffs are informed and believe and based on such

5

Complaint                    Sanders et al. v. Callender, et al.

information and belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiffs will amend their Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

13. Plaintiffs are informed and believe and based on such information and belief aver that Defendants and DOE Defendants 1 through 50, inclusive, and each of them, are and at all material times have been the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

14. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

15. Plaintiff Sanders alleges that plaintiff is the current legal owner of the subject tangible personal property and had all legal rights thereunto for all purposes.

16. Plaintiff Sanders was the owner and lawful possessor with all legal rights to have and hold chattels and other personal property lawfully located at 12118 Birchview Drive, Clinton, Maryland 20735. The actions of the defendants as against this property and owner is the target of this complaint and the damages to be proved at the time of trial as prayer for damages.

6

Complaint                    Sanders et al. v. Callender, et al.

17.   The ownership of the premises on which the property laid was that of Plaintiff Sanders from September 1993 until May 6, 2014. Thereafter the premises was sold to trustees, sold to CitiMortgage Inc., and transferred to Department of Veterans Affairs, who transferred it to its contractor, Vendor Resource Management, Inc., who transferred the property to Desiree Callender, Desiree Callender & Associates, Realtors LLC, a contractor for Vendor Resource Management, Inc., who sold the property to ANI Real Estate Investment, the alleged current new owner.

18. In or about Jan 2014 a legal proceeding in this state resulted in the issuance of an enforcement based writ of possession after a judgment in the instant unlawful detainer proceeding.  The new owner, Department of Veterans Affairs, set about to execute on the persons and property then existing living in or resting at 12118 Birchview Drive, Clinton, Maryland and to restore "possession" to the owner as allowed by law.

19. On or about May 6, 2014, and within the limits of the statute of limitations on all causes pled for filing timely, defendants, each of them and Does 1-50 illegally trespassed and came upon the real property being then lawfully possessed by plaintiffs and others unlawfully upon the premises, for the purpose of dispossession pursuant to a state court issued writ of possession.

20.  As part of this event, the defendants and each of them, and Does 1-50 and others acted in a manner in excess of the permissive rights and remedies allowed under the writ of possession upon the persons and property of defendants and Does' behalf and in conspiracy to illegally act, undertook activities and engaged in actions far in excess of the acts necessary to

7

perform the repossession of the premises, usually calling for the lock out of the human and animal tenants residing therein and removal of belongings of plaintiffs' belongings.

21a. On or about May 6, 2014, defendants and each of them jointly and severally engaged in extreme and outrageous series of acts and behavior which forcefully, violently, and illegally causing injury, pain and suffering to plaintiffs directly.

21b. Secondarily, by making statements false and feigning information given to law enforcement in an effort to generate excess force in the execution of the writ, defendants intended to and did have law enforcement engage in physical aggressions that were excessive in the execution of the eviction writ which were unnecessary to a usual execution. Defendants knew this would occur if law enforcement was told that plaintiff Sanders was threatening, uncooperative, hostile and belligerent, this false information purposely heighten a negative climate for law enforcement to come on Claimant's property with guns ready to shoot and kill all occupants at said address based on the devious picture painted by Defendants to effect a violent encounter injuring plaintiffs. Defendants committed these acts of civil battery, assault, false imprisonment and civil rights violations under color of law and conversion, et al., for a bad faith purpose and without justification, right, consent or legal cause by inducing the violent manhandling of plaintiffs causing his and her emotional and physical injury.

22. As a further result, personal property belonging to plaintiffs that was in his and her care, custody and control because of the acts of defendants was willfully, recklessly and intentionally caused to and was taken and carry away without the intention of returning same to the possession and use of plaintiffs' consistent with his personal property rights imbued

8

Complaint                          Sanders et al. v. Callender, et al.

with Plaintiff Sanders as owner thereof.  Such acts constituted conversion, *inter alia*, as plead hereafter.

23.  Moreover, the defendants and their agents and associates involved in this action acted in excess of their legal rights both in executing the writ of possession and in dispossessing the person of plaintiffs with excess force, violence and malice injuring plaintiffs and taking plaintiffs' property by reason thereof. As a result, plaintiffs as alleged further herein lost economic benefit by having the chattels housed with him and her on the premises taken and never returned and causing plaintiffs to be permanently deprived thereon.

23a.  As will be alleged plaintiffs' property losses total ($2,500,000.00) Two million five hundred thousand dollars or in a sum to be proven by admissible evidence at the time of trial. Plaintiffs also will allege and prove that but for the conduct plaintiffs personally were injured personally and non-economically in the sum of ($1,500,000.00) One million five hundred thousand dollars.

24.  It is alleged that if the writ of possession and all acts foreseeable attendant to this event was improperly issued or improperly executed, the legal basis for the acts included the violation of his and her civil rights under color of law in any aspect protected under 42 U.S.C. 1983, et al., that plaintiffs are entitled to statutory and punitive damages in a sum of ($5,000,000.00) Five million dollars to punish those to create, developed, instigated and assisted with the illegal acts.

25. Plaintiffs alleges that even if the writ behavior by defendants and their agents was not excessive as defined in the civil laws of this state, the act of injuring and stealing

9

Complaint                          Sanders et al. v. Callender, et al.

plaintiffs' property is compensable as acts in excess of the force allowed by MD laws, in sums so specified and prayed.

26. Plaintiffs alleges as part of this scheme to injure and steal chattels, that defendants either legally or otherwise acted wholly and fully in excess of the civil laws allowing access to property to divest and repossess same, that defendants had no right to touch, take, keep and convert the chattels of plaintiffs and in doing so converted and stole same illegally all to plaintiffs' damage and injury, psychologically, emotionally, physically, economically and non-economically allowing recovery for such in monetary damages for each wrongful act.

## AFFIDAVIT

27-A On or about June 12, 2013 Defendant Desiree Callender and Lennox (husband) trespassed on said property located at 12118 Birchview Drive, Clinton, Maryland 20735 and verbally harassed, intimidated and threatened to violently displaced Plaintiff Sanders out of his residence. Defendant Callender made slanderous inflammatory statements about plaintiff to her superiors, claiming Plaintiff was hostile, belligerent and uncooperative. Plaintiff disputes this claim.

27-B. Defendant Desiree Callender returned to property trespassing there on January 9, 2014, Callender solicited an offer to Plaintiff to move out and stated, "take a couple of thousand dollars or I will have you physically removed."

27-C. As of January 2014, there was no pending judgment of foreclosure, litigation and no service of eviction was served upon Plaintiff, therefore any attempt by Desiree Calendar and Associates, Realtors LLC to threaten and provoke plaintiff, was done

10

Complaint                        Sanders et al. v. Callender, et al.

intentionally to inflict emotional and physical pain as well as to provoke a confrontation with law enforcement.

27-D. On May 6, 2014 approximately 7:30am, at his residence, Plaintiff noticed a black male on his front steps, and an unfamiliar vehicle parked in his driveway, with an African American female driver. Plaintiff Sanders informed individuals they were trespassing. The lady stated, "She represents Vendor Resource Management (VRM), and is an employee for Desiree Callender and Associates, Realtors LLC." Plaintiff asked them to leave. The individuals left the property and drove away.

27-E. Approximately 8:00am on May 6, 2014, Plaintiff Sanders noticed unusual police activity in the neighborhood and took notice of the same.  Plaintiff was walking outside and was on the cellphone at the time with a nurse from Veterans Administration Medical Center making an appointment due to Plaintiff not feeling well. Suddenly, Sanders was accosted by approximately three (3) Prince George's County Police and County Sheriff Deputies pointing assault weapons at plaintiff's head followed by fifty (50) plus hostile officers.  Plaintiff was ordered to get on the ground and put his hands behind his head.

27-F. Plaintiff Sanders stated to the officers he was unarmed and cannot lie down on the wet/cold ground because he suffers from cardio pulmonary lung disease, Chronic Post Traumatic Stress Disorder and chronic pain, and he needed to see a doctor right away. Plaintiff stated to officers again that he was unarmed. Plaintiff was handcuffed and searched by Police officers and sanders was horrified by the actions of the officers, Plaintiff feared for his life and safety as well as the safety of his family. Officers ignored Plaintiff's request and was violently pushed and told to "shut up or we will shoot you." No Police officers or County

11

Complaint                    Sanders et al. v. Callender, et al.

Sheriffs produce any charging documents and officers intentionally were not wearing nametags.

27-G. Plaintiff Sanders was told by the police officers that they received a call stating he is **"armed and dangerous, hostile, a threat to the community, and he made phone calls to the Prince George's County Sheriff and Prince George's County Police Department threatening to shoot them"**. Plaintiff denies these allegations.

27-H. This excessive law enforcement actions were a result of false statements made by Defendant Desiree Callender and her associates to embarrass, burden, threaten, intimidate plaintiff and negatively color a situation to influence an encounter to turn in their favor with reckless disregard for the truth. Defendant attempted to incite the police department to violent and unnecessary forceful actions and to provoke plaintiff into breaching the peace.

27-I. Plaintiff Webber was inside the house and was alerted by a phone call from Roy Daniels, a family friend, informing her that Plaintiff Sanders needed help outside. Plaintiff Webber thought Sanders had collapsed due to his lung disease. When Plaintiff Webber opened the door she saw Plaintiff Sanders handcuffed on the ground. A white male Police officer asked her to confirm the address of the property. Plaintiff Webber asked him, *"Why are you here and do you have the correct property address?"* Officer G. Brown shouted to two other approaching officers to *"handle her."* Plaintiff Webber was assaulted and violently thrown to the ground, kicked and dragged by a black male and a Hispanic female officer. She was then handcuffed from behind and violently dragged to a police vehicle parked down the street. Plaintiff Webber was also in feared for her life.

12

27-J. Plaintiff Sanders remained handcuffed on the ground, and was told by police that he was a suspect for making threats to the community and law enforcement and was going to be arrested and taken to jail for interfering with an eviction. He was taken to another police vehicle and was constantly searched continuously. Plaintiff Sanders was physically violated and sexually assaulted unconsented to fashion multiple times by defendant Prince Georges County sheriffs and Prince Georges County Police officers. No charging documents, and/or a search warrant was ever presented to Plaintiffs.

27-K. Plaintiffs Sanders and Plaintiff Webber remained handcuffed from behind in police vehicles for more than 8 hours, without food, water, medication and bathroom breaks. The weather Report on May 6, 2014 was 71 degrees and with an average 60% humidity. Defendant Police Officers did not take into consideration that Plaintiff Sanders was having difficulty breathing due to his pulmonary lung disease, which he informed the officers about previously. Plaintiff Sanders was not permitted to take his medication and not eaten any food and water for the entire day.  While in the police vehicle Plaintiff Sanders heard over the radio the suspect is in custody.

27-L. Plaintiff Webber's hands and arms swelled up from the tightness of the handcuffs and poor circulation. The female Hispanic Police Officer refused to loosen the handcuffs on Plaintiff Webber after she asked numerous times. The female officer responded "I guess you have never been handcuffed before."

27-M. Plaintiffs saw officers wearing ATF vests with canine unit (bomb dogs) approach and did a perimeter search of the property, garage and in the house. The ATF agents came out of the house and gave an all clear to Officer Brown. Plaintiffs witnessed a Prince

13

Georges County Sheriff with a notepad and camera going into the house and allegedly documenting what was going on in the house. Plaintiffs also witnessed several officers taking pictures with their personal cellphones inside and outside of the house. Some were taking photos of the signage on the front door.

27-N. The Prince Georges County Sheriffs entered premises and carried away personal property belonging to Plaintiffs. They searched through all personal items, broke into plaintiff' safe and took more than $150,000.00 in Gold and Silver bullions and Certificates. Plaintiffs discovered police officers searched through his private trust documents, and took the deed for the property, which is owned by a trust, (Ken Sanders Foundation). Defendants took Plaintiff's Marine Corp officers sword, collectable swords, computers, and briefcases with passports, Veterans Affairs Records, Drivers Licenses, identification documents and all items from many countries he served in related to his trade craft.

27-O. Prince Georges County Sheriffs, Prince George's County Police Officers stole all personal property without the intention of returning to Plaintiffs, and converted for their own personal gain, where they had an obligation to safe-guard Plaintiffs personal property. Plaintiffs did not receive a receipt for the items stolen from the property.

27-P. Plaintiffs witnessed Desiree Callender and a large group of Hispanic day workers Does 1-50, hired by and agents of Desiree Callender and Associates, Realtors LLC, and Vendor Resource Management, Inc., entered property and discarded Plaintiffs' personal property. Defendants deliberately threw all plaintiffs furniture on the pavement and lawn thus destroying all valuable furnishings. Defendants failed to protect the possessory rights of the plaintiffs against unknown parties.

14

Complaint                    Sanders et al. v. Callender, et al.

27-Q. Plaintiff Webber saw an African American Jane Doe who works for Desiree Callender walk past the vehicle and looked at Plaintiff Webber and stated, "I'm sorry you have to go through this, but they pay us to do this."

27-R. Plaintiffs saw a Hispanic day workers wearing his shoes, clothing and carrying Plaintiffs personal possessions to a red pickup truck parked at the rear of the house.  Plaintiffs noticed no officers were watching what was being taken from the house to the red pickup truck. All Defendants were negligent in protecting Plaintiffs personal property against theft from unknown parties.

27-S. Gomez Towing, a third party, acting as agent for Desiree Callender and Desiree Callender and Associates, Realtors LLC, towed Plaintiffs vehicles out of the garage on to the main street. Both vehicles were scraped against the garage door causing $3,000.00 damage to the top of the vehicles. Plaintiff's third vehicle, a 1994 Ford Ranger pick-up was towed from a neighbor's property across the street and placed on the main street. Vehicle was properly tagged and insured. To the present day vehicle is properly tagged and insured.

27-T. Plaintiffs were released from custody after eight (8) hours. Defendant Officer G. Brown threw some papers at Plaintiff Sanders' feet, which he was unable to pick up due to physical pain from the ordeal. Plaintiff asked Officer G. Brown for all the names of the officers present. Defendant G. Brown threw his business card at Plaintiff and stated, "My information is all you need."

27-U. Plaintiff Webber's arms and wrist were bruised and swollen from the tight handcuffs. She was unable to raise her hands. The Hispanic female officer aggressively forced

15

her hands up to take off the cuffs.  Plaintiff Webber had to seek medical treatment at Baden Medical Center in Waldorf, Maryland.

27-V. On about June 17, 2015, at approximately 5:30 pm, Defendant Marlboro Towing, a third party, acting as agent for Defendant Prince George's County Police Department, illegally towed Plaintiff Sanders 1994 Ford Ranger vin number 1796 from the main street of Birchview Drive, Clinton, Maryland 20735 (Case number 15-1682714).  The vehicle had valid tags, was legally parked. Tag was stolen by Prince George's Police. Plaintiff wrote to Marlboro Towing asking to return the vehicle; they refused and demanded payment. Plaintiff went to a hearing at Prince George's County Police Station to petition return of vehicle, and petition was denied. Both Defendants, Marlboro Towing and Prince Georges County Police Officers, committed theft and extortion.  The loss to plaintiff of this vehicle is one hundred thousand dollars ($100,000.00) in loss profits and future earnings.

---

### FIRST CAUSE OF ACTION FOR NEGLIGENCE

#### against all defendants

28. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

29. Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were legally required to either do or refrain from doing.

16

prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

30. Plaintiffs alleges that in doing the acts alleged herein by each defendant, Desiree Callender, Desiree Callender & Associates, Realtors LLC, Vendor Resource Management, Inc., Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50, that the duty of care was actually breached and violated by each defendant owning such duty. Such defendants did so either deliberately or negligently, without probable cause and without any sufficient legal excuse. The aforesaid acts of Defendants were committed wantonly or in a culpable or grossly negligent manner.

31. Plaintiffs alleges that the consequence of the breaches committed by each defendant, would not have injured plaintiffs but for the breaches or that is was substantially certain that the breaches caused the injuries and losses plaintiffs sustained.

32. Plaintiffs alleges that the acts or omissions of defendants and each of them and Does 1-50, legally or proximately caused injury to plaintiffs and there was no legal chain of causation occurring to break the chain of liability held by each defendant against plaintiffs.

33. Plaintiffs alleges that as a consequence of the acts or omissions committed by each defendant and Does, that has suffered economic and non-economic losses in a sum in excess of ($500,000.00) five hundred thousand dollars plus all costs and expenses recoverable due to this litigation which now seeks from this cause as plead.

Complaint                          Sanders et al. v. Callender, et al.

SECOND CAUSE OF ACTION FOR CONVERSION

AS AGAINST ALL DEFENDANTS AND DOES 1-50

34. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

35. Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were legally required to either do or refrain from doing.

35a. Plaintiffs alleges that each defendant herein <u>owed a duty of due care</u>, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

36. Plaintiffs alleges that all defendants acting jointly and severally converted, took and carried away the personal property owned by plaintiffs on or about May 6, 2014, and continuing until the present with right, cause, justification, permission, excuse, without lien or impound rights or by lawful justification all to plaintiffs' damages and injury in the sum in excess of ($500,000.00) five hundred thousand dollars. But for defendants' conduct the damages would not have occurred.

37. The facts alleged hereinabove fully set forth the specific acts done by the defendants, Desiree Callender, Desiree Callender & Associates, Realtors LLC, Vendor Resource Management, Inc., Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50. Defendants intentionally deprived

18

Complaint                          Sanders et al. v. Callender, et al.

Plaintiffs as owners of said property and their rights by constructive, involuntary, direct,

fraudulent, and equitable conversion.

38. Plaintiffs are entitled to economic damages, non-economic damages in a sum as

stated and punitive and exemplary damages in the additional separate sum of ($2,000,000.00)

two million dollars to punish defendants for their intentional acts.

### THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT

#### Against all defendants

39. Plaintiffs repeats and repleads the content of the above stated allegations as though

fully stated herein by reference thereto.

40. Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were

legally required to either do or refrain from doing.

40a. Plaintiffs alleges that each defendant herein <u>owed a duty of due care</u>, statutorily

prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard

or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs

and Plaintiffs' property rights and interests.

41. The facts alleged herein above fully set forth the specific acts done by the

defendants Desiree Callender, Desiree Callender & Associates, Realtors, LLC, Vendor

Resource Management, Inc, Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff

19

Department, Prince Georges County Police Department, Gomez Towing, Marlboro

Towing/Champion Towing Services, and Does 1-50.

42. Plaintiffs alleges that by the above recited conduct, defendants by falsely stating

that plaintiff was a threat to defendants, community and others when said behavior was a

falsehood. ATF Agents came on property with canine units (bomb sniffing dogs) and

conducted a perimeter search to include inside the house and garage. This activity was

provoked by inflammatory rhetoric espoused by Desiree Callender that Plaintiff was a

"terrorist, a violent person and wanted to kill police officers", caused the intentional physical

confinement of plaintiffs who in an effort to move about freely and unrestrained was held by

forceful acts of hired agents, sheriffs, private investigators and defendants themselves by use

of unconsented to means and by fear, force, violence and further forcing plaintiffs to stay in

place to protect and defend his person and personal property without just cause, excuse or

right as defined by applicable state law.

43. Plaintiffs are entitled to economic damages, non-economic damages in a sum as

stated and punitive and exemplary damages in the additional separate sum of ($2,000,000.00)

two million dollars to punish defendants for their intentional acts.


FOURTH CAUSE OF ACTION FOR CONTRACTUAL LOSS OF PROFITS

INTERFERING WITH PROSPECTIVE [FUTURE] PROFITS

AND ECONOMIC ADVANTAGE

Against all defendants,

20

Complaint                              Sanders et al. v. Callender, et al.

44. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

45.  Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were legally required to either do or refrain from doing.

45a.  Plaintiffs alleges that each defendant herein <u>owed a duty of due care</u>, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

46. Plaintiffs alleges that all defendants, Desiree Callender, Desiree Callender  & Associates, Realtors, LLC, Vendor Resource Management, Inc, Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50, acting jointly and severally converted, took and carried away the personal property owned by plaintiffs on or about May 6, 2014 and continuing until the present without right, cause, justification, permission, excuse, without lien or impound rights or by lawful justification all to plaintiffs' damages and injury in the sums based on an accounting by experts and the plaintiffs.

47.  Plaintiffs alleges that he lost future profits from the intended sale of all or a substantial portion of the common, as well as unique, rare and irreplaceable items taken permanently and carried away directly or indirectly by defendants' conduct, totals the sum of ($10,000,000.00) ten million dollars, for which plaintiffs seeks judgment and order under this cause as plead.

21

## FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY

### against all defendants

48. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

49. Plaintiffs alleges that each defendant committed an act or omission that they were legally required to either do or refrain from doing.

49a. Plaintiffs alleges that each defendant herein owed a duty of due care, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

50. Plaintiffs alleges that defendants, Desiree Callender, Desiree Callender & Associates, Realtors LLC, Vendor Resource Management, Inc., Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, and Does 1-50 as part of their acts against the person and property and in doing the wrongful acts complained of, placed in unreasonable fear of physical and bodily and mentally harm plaintiffs' person without legal excuse, justification or right or consent.

51. As a consequence, plaintiffs was placed in reasonable fear of harm and by reason of further acts, was also, illegally touched, sexually assault unconsented by defendants and others acting at the behest and instigation of defendants in his person offensively, and injuriously without legal excuse, justification, right or consent to so act. Plaintiff was thrown to the ground and officers pointed guns at his head. Both plaintiffs were dragged to police

22

Complaint                          Sanders et al. v. Callender, et al.

vehicles. The aforesaid acts of Defendants were committed wantonly or in a culpable or negligent manner.

52. Such acts by defendants injured physically and mentally and emotionally plaintiffs in a sum of ($500,000.00) five hundred thousand dollars and said sum are sought herein against all defendants. In addition, Plaintiffs are entitled to punitive and exemplary damages in the sum of ($2,000,000.00) two million dollars to punish all defendants for their conduct and by way of example.

SIXTH CAUSE OF ACTION FOR STATE BASED VIOLATION OF STATUTES COMPARABLE TO THAT FOUND IN 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

53. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

54. Plaintiffs alleges that each defendant committed an act or omission that they were legally required to either do or refrain from doing.

54a. Plaintiffs alleges that each defendant herein owed a duty of due care, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

23

55. Plaintiffs alleges that the State of Maryland has civil rights statutes comparable to those of the United States that protect persons based on various criteria for acts committed under color of law and for violations of right protected under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution applicable to the states.

56. Plaintiffs alleges that various violative acts were committed justifying relied under these statutes and cases.

57. Plaintiffs alleges that all defendants, Desiree Callender, Desiree Callender & Associates, Realtors LLC, Vendor Resource Management Inc. Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50, individually and in concert, deprived Plaintiffs of their constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitutions.

58. The Defendants, individually and in concert, employed excessive force in effecting the seizure of Plaintiffs thereby depriving Plaintiffs of their right to be free from unreasonable searches and seizures as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitutions.

59. The actions of Defendants who acted in concert were committed under color of state law so as to give rise to liability under 42 U.S.C § 1983.

60. The deprivation of Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments resulted from the Prince George's County's inadequacy of Police training with respect to basis for and manner of seizing persons on the basis of false and malicious rhetoric

24

Complaint                    Sanders et al. v. Callender, et al.

by Defendant Desiree Callender, Desiree Callender and Associates, Realtors LLC, mounting to deliberate indifference to the rights of persons who police come in contact with.

Defendant's interference with Plaintiffs' constitutional right to be free from any unjustified seizure after it was clear that no probable cause existed for his detention by false imprisoning him, battering him and unlawfully detaining and seizing him, were upon information and belief, a function of a policy or policies of Prince George's County which affirmatively promote or consistently and predictably result in such deprivations of failing to adequately train or supervise officers in avoiding such deprivations.

61. Plaintiffs alleges that he lost future profits from the intended sale of all or a substantial portion of the common, as well as unique, rare and irreplaceable items taken permanently and carried away directly or indirectly by defendants' conduct, totals the sum of ($10,000,000.00) ten million dollars, for which plaintiffs seeks judgment and order under this cause as plead.

## SEVENTH CAUSE OF ACTION TRESPASS TO CHATTEL

62. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

63. Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were legally required to either do or refrain from doing.

63a. Plaintiffs alleges that each defendant herein <u>owed a duty of due care</u>, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard

25

or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

64. Plaintiffs alleges that the State of Maryland has civil rights statutes comparable to those of the United States that protect persons based on various criteria for acts committed under color of law and for violations of rights protected under the 4th, 5th and 14th Amendments to the U.S. Constitution applicable to the states.

65. The Defendants, Desiree Callender, Desiree Callender & Associates, Realtors LLC, Vendor Resource Management Inc. Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50, Plaintiffs alleges that various violative acts were committed justifying relied under these statutes and causes.

66. Such acts by defendants injured physically and mentally and emotionally plaintiffs in a sum of ($500,000.00) five hundred thousand dollars and said sum is sought herein against all defendants. In addition, Plaintiffs are entitled to punitive and exemplary damages in the sum of ($2,000,000.00) two million dollars to punish all defendants for their conduct and by way of example

EIGHT CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

67. Plaintiffs repeats and repleads the content of the above stated allegations as though fully stated herein by reference thereto.

26

Complaint                          Sanders et al. v. Callender, et al.

68. Plaintiffs alleges that each defendant committed an <u>act or omission</u> that they were legally required to either do or refrain from doing.

68a. Plaintiffs alleges that each defendant herein <u>owed a duty of due care</u>, statutorily prescribed care or common law care to Plaintiffs to either confirm their conduct to a standard or to forebear acting and in doing so, should have acted or forborne acting as against Plaintiffs and Plaintiffs' property rights and interests.

69. Plaintiffs alleges that the State of Maryland has civil rights statutes comparable to those of the United States that protect persons based on various criteria for acts committed under color of law and for violations of right protected under the fourth, Fifth and Fourteenth Amendments to the U.S. Constitution applicable to the states.

70. Plaintiff Sanders is a Disable Combat Veteran who suffers from Post-Traumatic Stress Disorder (PTSD); this information was stated to Defendants. The traumatic events of that day has exacerbated his PTSD. Plaintiff's emotional trauma was so severe that it created and increased severity of physical and psychological distress and depression.

71. As a result of the stated events, Plaintiff is hypervigilant, startles easily, fearful of crowds, experiences flashbacks from the events, panic attack and anxiety, causing Plaintiff to suffer from lack of sleep and increased physical pain in body. Plaintiff was close enough to the Defendant's negligent acts and was at immediate risk of losing his life. Plaintiff Sanders was fearful for his life and safety and physical harm. Plaintiff believes that Defendants reasonably predicted their actions would result in negative consequences experienced by the Plaintiff.

27

Complaint                    Sanders et al. v. Callender, et al.

72. The Defendants acted intentionally, reckless and Defendants actions were outrageous and intolerable. Plaintiffs continues to fear for his life and safety. The defendant's behavior caused and contributed to the plaintiff's emotional distress.

73. The Defendants, Desiree Callender, Desiree Callender & Associates, Realtors, LLC, Vendor Resource Management Inc., Deputy Sheriff G. Brown, #235, Prince Georges County Sheriff Department, Prince Georges County Police Department, Gomez Towing, Marlboro Towing/Champion Towing Services, and Does 1-50, Plaintiffs alleges that various violative acts were committed justifying relief under these statutes and causes.

74. Such acts by defendants injured physically and mentally and emotionally plaintiffs in a sum of ($500,000.00) five hundred thousand dollars and said sum are sought herein against all defendants. In addition, Plaintiffs are entitled to punitive and exemplary damages in the sum of ($10,000,000.00) ten million dollars to punish all defendants for their conduct and by way of example, Plaintiff remains under his doctors care for mood, depression and Post Traumatic Stress Disorder.

Prayer for Relief
1. For general non-economic damages according to proof;
2. For special economic damages according to proof;
3. For punitive damages;
4. For statutory damages, penalties and assessments and
5. Attorneys fee's and taxable costs of suit;
6. For further relief that to the court seems just and allowed by law.

28

Complaint                    Sanders et al. v. Callender, et al.

April 23, 2017

/s/: Kenneth Sanders

Kenneth Sanders, Invoking all Rights
8787 Branch Ave, Ste 128
Clinton, Md 20735
240-351-8998
Plaintiff

/s/:Paula Webber

Paula Webber, Invoking all Rights
1123 State Route 3N, Ste 244
Gambrills, Md 21054
410-799-7288
Plaintiff

29

Complaint                    Sanders et al. v. Callender, et al.