IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH SANDERS, et al.

    v.             :  Civil Action No. DKC 17-1721

DESIREE CALLENDER, et al.

## MEMORANDUM OPINION

Presently pending and ready for resolution are: (1) the motion to dismiss filed by Defendant Prince George's County Sheriff's Department ("PGCSD") and Defendant Deputy Sheriff G. Brown (ECF No. 12); (2) the motion to dismiss filed by Defendant Prince George's County Police Department ("PGCPD") (ECF No. 21); (3) the motion to dismiss filed by Defendant Marlboro Towing/Champion Towing & Services, Inc. ("Marlboro Towing") (ECF No. 30); (4) the motion to dismiss filed by Defendant Vendor Resource Management, Inc. ("VRM") (ECF No. 38); (5) the request for sanctions filed by Defendant VRM (ECF No. 51); and (6) an order to show cause why the complaint should not be dismissed as to Defendants Gomez Towing, Desiree Callender, and Desiree Callender & Associates, Realtors LLC ("DCAR") for failure to comply with Fed.R.Civ.P. 4(m). (ECF No. 55).

The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the

following reasons, Defendant PGCSD and Defendant Brown's motion to dismiss and Defendant VRM's motion to dismiss will be granted. Defendants Desiree Callender, DCAR, and Gomez Towing will be dismissed for ineffective service of process. Defendant Marlboro Towing's motion to dismiss will be granted in part and denied in part. Defendant PGCPD's motion to dismiss will be granted in part and denied in part.

## I. Background

### A. Prior Action

This complaint is the second action initiated by Plaintiff Kenneth Sanders regarding the foreclosure and eviction from his residence located at 12118 Birchview Drive, Clinton Maryland 20735. The details of the foreclosure proceedings were fully outlined in a prior decision. *See Sanders v. Cohn, Goldberg & Deutsch, LLC.*, No. DKC 15-1571, 2016 WL 223040 (D.Md. Jan. 19, 2016) (*"Sanders I"*). In short, Plaintiff Sanders had purchased a home in 1993 which was foreclosed on in June 2010 in the Circuit Court for Prince George's County, Maryland. The property was sold at a foreclosure sale, and the circuit court ratified the sale. The foreclosure purchaser requested a writ of possession, and the circuit court issued it. The writ was executed on May 6, 2014. *Id.* at *2.

The prior complaint alleged that on May 6, 2014, two employees of Defendant DCAR went onto his property. Plaintiff

Sanders told them to leave, and after they left, "the Prince George's County Police Department and the Prince George's County Sheriff[']s Department surrounded the . . . property, pointed assault weapons at [Plaintiff Sanders'] and told him to get on the ground." Complaint ¶ 15, *Sanders v. Cohn, Goldberg & Deutsch, LLC*, No. DKC-15-1571, 2016 WL 223040 (D.Md. May 29, 2015) ("Prior Complaint"). Plaintiff Sanders alleged he was falsely accused of being "armed and dangerous." *Id.* ¶ 17. Plaintiff Sanders further alleged that his wife came to the door and an officer told someone to "'handle her' and his wife was then thrown to the ground, handcuffed and dragged to an unmarked car at the property." *Id.* ¶ 19. The complaint stated that Plaintiff Sanders was put into an unmarked police car, bomb sniffing dogs searched the home, non-law enforcement personnel went into his home and removed personal belongings, his car and his wife's car were towed, and the locks to the house were changed. *Id.* ¶¶ 20-27.

On May 29, 2015, Plaintiff Sanders brought the prior suit against entities involved in the foreclosure proceedings including Defendants VRM, Desiree Callender, and DCAR. The complaint alleged a variety of wrongful acts "based on the argument that the underlying foreclosure sale and award of possession were improper." *Sanders I*, 2016 WL 223040, at *5. Defendants moved to dismiss arguing that the *Rooker-Feldman*

3

doctrine divested federal courts of jurisdiction. Because the state courts had adjudicated the foreclosure action and the foreclosure itself was the result of that judgment and because district courts lack jurisdiction to sit in review of state courts, the case was dismissed on January 19, 2016. *Id.* at *8.

## B. Current Action[1]

Plaintiff Sanders and Plaintiff Paula Webber ("Plaintiffs") filed this complaint on April 24, 2017. This complaint contains many of the same allegations as the prior complaint. According to the complaint two people went onto the property at 12118 Birchview Drive at 7:30 A.M. After these people left, three Prince George's County police officers came onto the property and "point[ed] assault weapons at [P]laintiff [Sanders'] head" and these officers were "followed by fifty (50) plus hostile officers." (ECF No. 2 ¶ 27-E). The officers told Plaintiff Sanders to go to the ground and "put his hands behind his head." (*Id.*). Plaintiff Sanders was told by police that they had "received a call stating" that Plaintiff Sanders was "'armed and dangerous[.]'" (*Id.* ¶ 27-G). Plaintiffs believe this call came from Defendant Desiree Callender or one of Defendant DCAR's employees. During the ordeal, Plaintiff Webber walked outside the house to investigate what was occurring and "saw Plaintiff

_____

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiffs.

4

Sanders handcuffed on the ground" and was then "assaulted and violently thrown to the ground." (*Id.* ¶ 27-I). Plaintiffs were handcuffed and remained in police vehicles for more than eight hours. During that time, "Plaintiff Sanders was physically violated and sexually assaulted[.]" (*Id.* ¶ 27-J).

After Plaintiffs were detained, "the Prince George['s] County Sheriffs entered [the] premises and carried away personal property belonging to Plaintiffs." (ECF No. 2 ¶ 27-N). Defendants DCAR and VRM "deliberately threw all [P]laintiff['s] furniture on the pavement[.]" (*Id.* ¶ 27-P). Defendant Gomez Towing "towed Plaintff['s] vehicles out of the garage [and] on to the main street[.]" (*Id.* ¶ 27-S).

Plaintiffs' current complaint also mentions a separate event. On June 17, 2015 Defendant PGCPD and Defendant Marlboro Towing towed Plaintiffs' vehicle and refused to return it. (ECF No. 2 ¶ 27-V).

Plaintiffs filed this action in the Circuit Court for Prince George's County. (ECF No. 2). Plaintiffs bring claims for negligence, conversion, false imprisonment, loss of profits, assault and battery, trespass to chattels, intentional infliction of emotional distress, and violations of 42 U.S.C. § 1983. The case was removed to federal court on June 22, 2017. (ECF No. 1). Defendant PGCSD and Defendant Brown moved to dismiss on June 27. (ECF No. 12). Defendant PGCPD moved to

dismiss on June 28. (ECF No. 21). Defendant Marlboro Towing moved to dismiss on July 14. (ECF No. 30). Defendant VRM moved to dismiss on July 21. (ECF No. 37). Plaintiffs were ordered to show cause why Defendants Gomez Towing, Desiree Callender, and DCAR should not be dismissed without prejudice on August 29. (ECF Nos. 55).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520

6

(1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

In addition, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Even if the defense does not appear on the face of the complaint, "when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). Reference to these facts does not convert a motion to dismiss into a motion for summary judgment. *Id.*

## III. Rooker-Feldman Doctrine

This case was removed to federal court because one of the claims arises under federal law. (ECF Nos. 1; 2 ¶ 59); 28 U.S.C. §§ 1331, 1441. Defendant VRM moves to dismiss on jurisdictional grounds arguing that a state court decision caused Plaintiffs' injury and, therefore, the *Rooker-Feldman* doctrine bars adjudication of Plaintiffs' complaint.[2] (ECF No. 38-1, at 14-16, 23-26). Plaintiffs respond that their "action is not an attack on a state court final judgment but an attempt to remedy multiple wrongs[.]" (ECF No. 53, at 7).

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to sit in appellate review of a state court judgment because Congress has only authorized the Supreme Court of the United States to review final state court judgments.

---

[2] Defendant VRM also argues that Plaintiffs have not alleged Article III standing. (ECF No. 38-1, at 14). Plaintiffs' allegations that Defendants destroyed property and assaulted Plaintiffs demonstrate an injury, traceable to the conduct of Defendants, and capable of redress by a favorable determination – the requirements for Article III standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct 1540, 1547 (2016). Defendant VRM misconstrues *Rooker-Feldman* as relating to constitutional standing requirements. Rather, *Rooker-Feldman* bars federal jurisdiction not because a plaintiff lacks an Article III injury but because Congress has not authorized lower federal courts to sit in appellate review of state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Defendant VRM further argues, incorrectly, that Plaintiff Webber's "sole basis for involvement in this case is an amorphous claim of ownership of the real property." (ECF No. 38-1, at 16). Plaintiff Webber alleges that she was on the property when the events occurred and was assaulted. (ECF No. 2 ¶ 27-I).

*Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 318-19 (4th Cir. 2016). "However, a federal court is not stripped of its jurisdiction simply because the claim challenges conduct that was previously examined in a state court action." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). The doctrine "applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Thus, the lower federal courts lack jurisdiction to hear claims of injuries resulting from the foreclosure and the issuance of the writ of possession. *Sanders I*, 2016 WL 223040, at *5. The state court decided those issues, any injury was caused by those decisions, and, thus, the *Rooker-Feldman* doctrine bars adjudication of those claims. *Id.* Federal district courts, however, have jurisdiction to hear claims that the eviction was excessive because these injuries, even if related to a state court judgment, were not caused by the state court judgment *per se*. *See Elyazidi*, 780 F.3d at 232-33 (finding a federal district court retained jurisdiction over a claim that representations about attorneys' fees made pre-trial were unlawful after a state court determined the entitlement to attorneys' fees).

Here, Plaintiffs' claims generally stem from an allegation that Defendants "undertook activities and engaged in actions *far in excess of the acts necessary to perform the repossession of the premises*." (ECF No. 2 ¶ 20) (emphasis in the original). The negligence claim alleges that in executing the writ Defendants failed to act with the requisite degree of care which caused greater injuries to person and property than should have occurred. (*Id.* ¶ 30). Similarly, the conversion claim and the claim for loss of future profits allege that Defendants permanently deprived Plaintiffs of personal property which the writ did not authorize. (*Id.* ¶¶ 27-R, 36, 46). In support, Plaintiffs allege that Defendants took personal documents among other items and that unsupervised workers carried Plaintiffs' shoes and clothing to a car. (*Id.* ¶¶ 27-N, 27-R). Defendants do not argue that the state court judgment granted them any right to keep the personal property alleged to have been taken. Because these claims are not directed at an injury caused by a state-court judgment itself but rather to injuries caused by a failure appropriately to carry-out the state court judgment, jurisdiction is proper.

Likewise, the Section 1983 claim, intentional infliction of emotional distress, false imprisonment, and assault and battery claims allege that the force used to restrain Plaintiffs was excessive and unreasonable. (ECF No. 2 ¶¶ 42, 51, 58).

Plaintiffs allege that Defendants "point[ed] assault weapons at [P]laintiff[] [Sanders's] head", that Plaintiff Sanders was "sexually assaulted . . . multiple times", and that Defendants Callender and DCAR made false statements causing Plaintiffs' arrests and mistreatment. (*Id.* ¶¶ 27-E, 27-J, 42). Defendants do not argue that the state court judgment granted them the right to use the amount of force allegedly used in the circumstances it was used. Again, these claims challenge actions related to, but independent from, a state court judgment, and, therefore, jurisdiction is proper.

Parts of the trespass to chattel claim, however, are barred by the *Rooker-Feldman* doctrine. In support of the claim against Desiree Callender, DCAR, and VRM, Plaintiffs simply allege that Defendants moved Plaintiffs' property from the house to "the pavement and lawn[.]" (ECF No. 2 ¶ 27-P). Unlike other claims, Plaintiffs do not allege that Defendants were excessive in their interference with Plaintiffs' property rights. Those defendants were acting pursuant to a writ of possession, *Sanders I*, 2016 WL 223040, at *4, and the writ of possession authorized the interference with personal property. *See* Md.Rules, Rule 2-647; Report & Recommendation, *Apg Hous., LLC v. Moore*, No. ELH-15-3720, 2016 WL 1048004, at *2 (D.Md. Mar. 11, 2016). Thus, Plaintiffs are "complaining of injuries caused by [the] state-court judgment[]", and district courts lack jurisdiction to sit

in review of that judgment. *Exxon*, 544 U.S. at 284.
Plaintiffs' claim for trespass to chattel against Desiree
Callender, DCAR, and VRM will be dismissed.[3]

## IV. Claim and Issue Preclusion

Defendant VRM also argues that claim and issue preclusion
act as procedural bars to Plaintiffs' claims. (ECF No. 38-1, at
17-23). Plaintiffs respond that this suit involves different
parties, different causes of actions, and there was no final
judgment in the prior action. (ECF No. 53, at 7-8). As an
initial matter, Plaintiff Webber was not a party to the previous
litigation, and, therefore, her claims cannot be barred. *Taylor
v. Sturgell*, 553 U.S. 880, 892-93 (2008).

### A. *Res Judicata*

Defendant VRM argues that Plaintiff Sanders' claims are
barred under *res judicata* by both the judgment in the Maryland
state-court foreclosure proceeding and the prior federal case.
(ECF No. 38-1, at 18-19). Federal courts must "give the same
preclusive effect to a state-court judgment as another court of
that State would give." *Exxon*, 544 U.S. at 293. Although

---

[3] Even if the court had jurisdiction over the claim against
those defendants, it would still be dismissed for failure to
state a claim. Plaintiffs have not alleged that the
interference with property was unauthorized as required for a
trespass to chattel claim. Restatement (Second) of Torts §§
218, 220; *see State v. Roshchin*, 446 Md. 128, 138-39 (2016)
(finding police not liable for trespass to chattel when they
removed an unattended vehicle at an airport because the law
authorized the police action).

Maryland gives preclusive effect to all matters litigated and "as to all matter which with propriety could have been litigated in the first suit," *Alvey v. Alvey*, 225 Md. 386, 390 (1961), these claims arise out of acts that postdate the final state-court judgment. Thus, these claims could not have been brought in the Maryland proceedings and the Maryland judgment does not preclude the claims.

In the prior federal case, jurisdiction was based on the presence of a federal question. (Prior Complaint ¶ 1). When jurisdiction is based on a federal question, the preclusive effect of a decision is governed by federal common law. *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013). Under federal common law, "[t]he application of *res judicata* turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotation marks omitted).

The prior case was dismissed on jurisdictional grounds and, in the alternative, for failure to state a claim. *Sanders I*, 2016 WL 223040, at *8 ("Accordingly, even if the *Rooker-Feldman* doctrine does not mandate abstention regarding all of Plaintiffs' claims, the complaint nevertheless cannot withstand

review under Rule 12(b)(6).”). A dismissal for lack of jurisdiction is not a final judgment. Fed.R.Civ.P. 41; *see Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989). A dismissal for failure to state a claim, however, is a final judgment. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). “When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar.” *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119 (4th Cir. 1989); *see Morrison v. Holding*, 539 F.App'x 272, 273 n.1 (4th Cir. 2013) (“We decline to affirm the district court's dismissal on *res judicata* grounds because, although [the] previous action was dismissed on statute of limitations grounds, it was also dismissed for lack of subject matter jurisdiction.”). Here, because the previous case was dismissed, at least in part, on jurisdictional grounds, the prior judgment does not receive preclusive effect. *See Pizlo*, 884 F.2d at 119.

**B. Collateral Estoppel**

Defendant VRM also argues that Plaintiff Sanders is barred from litigating these issues because of collateral estoppel. “Collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation[.]” *Sedlack v. Braswell Servs. Group, Inc.*, 255 F.3d

322, 326 (4th Cir. 2004). The previous litigation only concerned the right to foreclose and evict Plaintiff Sanders. *Sanders I*, 2016 WL 223040, *5. This complaint brings a claim concerning whether the method of eviction was excessive. (ECF No. 2 ¶ 20). The facts and legal issues presented in this case are not the same as the facts and legal issues in the prior one, and, therefore, issue preclusion does not bar the litigation of these claims. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

## V. Failure to Identify Entities Capable of Being Sued

### A. Motion to Dismiss Defendant PGCPD

Defendant PGCPD moves to dismiss arguing that it is not an entity capable of being sued. (ECF No. 21-1, at 7-9). Fed.R.Civ.P. 17(b)(2) states that a corporation's capacity to be sued is determined by the law under which it was organized. Pursuant to state law, the Prince George's County Charter mandates that the corporate name of the County is "Prince George's County, Maryland," and that the County shall be designated as such in all actions and proceedings touching its liabilities and duties. Prince George's County Charter § 103. Thus, a claim against the "Prince George's County Police Department" should be brought as a claim against the county itself. *See Hines v. French*, 157 Md.App. 536, 573 (2004).

Plaintiffs' *pro se* pleadings, however, are subject to a less stringent standard than formal pleadings drafted by lawyers. "It would elevate needlessly form over substance to dismiss completely a claim because Plaintiff named the specific county entities that allegedly harmed him as opposed to the county itself." *Abunaw v. Prince George's Corr. Dep't*, No. DKC-13-2746, 2014 WL 3697967, at *1-2 (D.Md. July 23, 2014). Although courts will dismiss individual county entities if the county is already a defendant, *see, e.g. Talor v. Leggett*, No. PX-16-115, 2017 WL 1001281 (D.Md. Mar. 15, 2017); *Dodson v. Prince George's Cty.*, No. JKS-13-2916, 2016 WL 67255 (D.Md. Jan. 6, 2016); *Stewart v. Prince George's Cty.*, No. AW-01-302, 2001 WL 759890 (D.Md. May 23, 2001), when, as here, the county has notice that it is being sued, is not otherwise named, and plaintiffs are proceeding *pro se*, the county will not be dismissed merely because plaintiffs identified the wrong entity. *See Abunaw*, 2014 WL 3697967, at *1-2. Therefore, Plaintiffs' claims against Defendant PGCPD will be construed as claims against Prince George's County, Prince George's County will be substituted as a defendant, and the motion to dismiss pursuant to Rule 17 will be denied in part.[4]

---

[4] Claims against Defendant PGCPD henceforth will be referred to as claims against Defendant Prince George's County.

In addition, any argument that Prince George's County is not properly a defendant is judicially estopped. The doctrine of judicial estoppel holds that if "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895).

Here, the action was removed from state court to federal court not by PGCPD but by "Defendant Prince George's County, Maryland[.]" (ECF No. 1). After the removal, all parties proceeded as if the action had been properly removed. Having successfully removed the action, Prince George's County cannot claim it is not a party simply to get the case dismissed on a technicality. Thus, Prince George's County cannot argue it is not the actual defendant for the claim nominally brought against the Prince George's County Police Department.[5]

---

[5] In a footnote at the end of the section of its motion to dismiss arguing that PGCPD cannot be sued pursuant to Rule 17, Defendant Prince George's County states, "It is also important to note that Plaintiffs have failed to address the civil liability of the Prince George's County Police Department in conformity of the requirements of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)." (ECF No. 21-1, at 8 n.3). Nowhere else in the motion is the standard for liability of a county discussed or is an argument that the complaint fails to plead a claim in accordance with *Monell* presented. In the

**B.  Motion to Dismiss Defendant PGCSD**

Defendant PGCSD moves to dismiss, arguing it is not an entity capable of being sued. (ECF No. 12-1, at 5). The Court of Appeals of Maryland has stated that no "provision of law . . . creates a governmental agency known as the 'Sheriff's Department.'" *Boyers v. State*, 323 Md. 558, 572, n.9 (1991). The Sheriff and deputy sheriffs "are state employees." *Id.* at

---

appellate context, an argument only identified in a footnote is not considered raised. *Silicon Knights, Inc. v. Epic Games, Inc.*, 551 F.App'x 646, 650 (4th Cir. 2014); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 607 (4th Cir. 2009). The United States Court of Appeals for the Fourth Circuit has explained that ruling on an issue minimally addressed is "unfair to [opposing party] and would risk an improvident or ill-advised opinion on the legal issues raised." *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995). This reasoning has led district courts to decline to consider arguments only raised in a footnote. *See, e.g., Connectus LLC v. Ampush Media, Inc.*, No. 8:15-cv-2778-T-33JSS, 2017 WL 2620541, at *8 (M.D.Fla. June 16, 2017) ("While [Defendant's] motion for summary judgment and reply each contained a single footnote regarding the evidence necessary to obtain exemplary damages or attorney's fees under CUTSA and why the limitation-of-liability clause should apply, respectively, those footnotes were buried under subsections devoted to different issues. Those footnotes did not sufficiently raise [the] arguments."); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F.Supp.3d 76, 100 (D.D.C. 2017) (finding that a footnote without a structured argument did not raise a defense); *Rowley v. City of New York*, No. 00 CIV. 1793 (DAB), 2005 WL 2429514, at *6 (S.D.N.Y. Sept. 30, 2005) ("As to an argument raised in a footnote, that [the] excessive force claims be dismissed, this also may not be properly considered.").

If Defendant Prince George's County wanted to raise an argument that the complaint failed to comply with *Monell*, the footnote was an inadequate means to do so and any such argument will not be considered.

572.  Therefore, a claim against the "Prince George's County Sheriff's Department" is a claim against the state.  *See id*.

However, unlike counties, states cannot be sued pursuant to Section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-66 (1989).  Likewise, Maryland has not waived its sovereign immunity for tort claims, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990), and, therefore, the tort claims against the state cannot be adjudicated in federal court.  *See Davenport v. Maryland*, 38 F.Supp.3d 679, 691 (D.Md. 2014). Because Defendant PGCSD is not an entity capable of being sued and, even if the claims were construed as claims against the state, the claims would still be subject to dismissal, Defendant PGCSD will be dismissed.

## VI.  Timeliness under the Local Government Tort Claim Act

Defendant Prince George's County argues that all of Plaintiffs' state law claims are barred because Plaintiffs failed to comply with the Maryland notice requirements for bringing claims against a county entity.  (ECF No. 21-1, at 4-7).  Pursuant to the version of Maryland's Local Government Tort Claim Act ("LGTCA") in effect at the time of the events alleged in the complaint, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury."  Md.Code Ann., Cts. & Jud. Proc. § 5-

304(b)(2) (2011 Repl.Vol.). If timely notice is not provided, "a suit under the LGTCA is 'fatally flawed[.]'" *White v. Prince George's Cty.*, 163 Md.App. 129, 144 (2005) (quoting *Rios v. Montgomery Cty.*, 386 Md. 104, 127 (2005)). Plaintiffs must plead that they satisfied the condition to pursue an action subject to the notice requirement. *Hansen v. City of Laurel*, 420 Md. 670, 684 (2011).

Plaintiffs do not allege in their complaint that they provided Defendant Prince George's County with notice about the claims stemming from the towing of Plaintiffs' vehicle on June 17, 2015. In response to the motion to dismiss, Plaintiffs do not even argue that they provided Defendant Prince George's County notice about the claims. Accordingly, the state law claims brought against Prince George's County for the events of June 17, 2015 will be dismissed with prejudice.

Plaintiffs also do not allege in their complaint that they provided notice of the May 7, 2014 events to Defendant Prince George's County. This omission alone requires their state laws claims against Defendant Prince George's County be dismissed. Moreover, Plaintiffs' former attorney purportedly provided notice in a letter dated November 4, 2014. (ECF No. 21-3). Plaintiffs argue that pursuant to Md.Rules, Rule 1-203(b) the 180 days clock did not start running until May 7, 2014 and that Rule 1-203(c) provided three additional days for counsel's

letter to arrive and still be considered timely. Even assuming the applicability of the Maryland Rules and Plaintiffs' interpretation of Rule 1-203(b), 180 days from May 7 ran until November 3. Rule 1-203(c) allows additional time when a party is required to take an act after service by mail, but it does not provide extra time if a party chooses to serve notice through the mail. Therefore, Plaintiffs did not get the additional three days identified in Rule 2-103(c), and, even if the hand-delivered letter could constitute mail, the notice was untimely. Accordingly, Plaintiffs' state law claims against Defendant Prince George's County will be dismissed with prejudice.

Defendant Marlboro Towing contends that the claims against it should be dismissed because Plaintiffs failed to comply with the LGTCA. Defendant Marlboro Towing cites no legal authority that would make the LGTCA applicable to a non-government entity acting as an agent of the government. The LGTCA applies to "employees" of local governments. Md.Code Ann., Cts. & Jud. Proc. §§ 5-301(c)(1), 5-304(b)(2); *Ennis v. Crenca*, 322 Md. 285, 291 (1991) (discussing the LGTCA's mechanism to protect local government employees). Defendant Marlboro Towing was not an employee of Defendant Prince George's County. Thus, the claims against it will not be dismissed for lack of notice.

## VII. Immunity as to Deputy Sheriff Brown

Defendant Brown argues that he is entitled to immunity from both the state and federal claims. (ECF No. 12-1).

### A. State Personnel Immunity

Plaintiffs bring seven state law claims against Defendant Brown. Defendant Brown argues that under Maryland law, he is immune from state tort claims unless he acted with gross negligence or malice and that the complaint fails to allege that he acted in such a manner. (ECF No. 12-1, at 6). Plaintiffs do not dispute the statement of Maryland law but argue that the complaint sufficiently alleges that Defendant Brown was "using excessive force" while evicting Plaintiffs. (ECF No. 34, at 4).

The complaint alleges that Defendant Brown told officers to handle Plaintiff Webber, threw papers at Plaintiff Sanders' feet, and, when asked to give the name of the other officers, gave Plaintiffs his business card instead. (ECF No. 2 ¶¶ 27-I, 27-T). Defendant Brown is a state employee, *see* Md.Code Ann., State Gov't § 12-101(6), and acquires the state's sovereign immunity unless his tortious actions were malicious or grossly negligent. *See* Md.Code Ann., Cts. & Jud. Proc. § 5-522(b). In this context, malice requires an act committed with "an evil or rancorous motive influenced by hate, the purpose being to deliberately injury the plaintiff." *Green v. Brooks*, 125 Md.App. 349, 377 (1999) (internal quotation marks omitted). Gross

negligence requires "an intentional failure to perform a manifest duty in reckless disregard of the consequences[.]" *Babre v. Pope*, 402 Md. 157, 187 (2007) (internal quotation marks omitted). Here, the request for someone to control Plaintiff Webber and the giving of papers did not amount to malicious or grossly negligent actions, and, therefore, the state tort claims against Defendant Brown will be dismissed with prejudice.

### B. Qualified Immunity

Plaintiffs bring a claim against Defendant Brown pursuant to 42 U.S.C. § 1983. Defendant Brown argues that he is entitled to qualified immunity because Defendant Brown did not violate any of Plaintiffs' clearly established constitutional rights. Plaintiffs respond that Defendant Brown "was alleged to have been the directing agent and instigating source of the excess force visited upon the [P]laintiffs." (ECF No. 34, at 10).

Defendant Brown is entitled to qualified immunity unless Plaintiff identifies the violation of a constitutional right that was clearly established. *See Mullenix v. Luna*, 136 S.Ct. 305, 313-14 (2015). Plaintiffs bring their claims pursuant to the Fourth Amendment. (ECF No. 2 ¶ 55); *see Sawyer v. Asbury*, 537 F.App'x 283, 290 (4th Cir. 2013) ("[C]laims for the use of excessive force in effectuating an arrest or other seizure are governed by the Fourth Amendment's prohibition against

'unreasonable' seizures.").[6]   To state a claim pursuant to the Fourth Amendment, Plaintiffs need to show Defendant Brown used unreasonable or excessive force in effectuating a seizure.  *See Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (*en banc*). Here, Plaintiffs have not alleged Defendant Brown even effectuated a seizure, and, therefore, Plaintiffs' claim against Defendant Brown pursuant to the Fourth Amendment will be dismissed with prejudice, and Defendant Brown will be dismissed from the action.

## VIII.    Ineffective Service of Process

An order was issued on August 29, 2017, directing Plaintiffs to show cause why the complaint should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8(a) as to Defendants Desiree Callender, DCAR, and Gomez Towing.  (ECF No. 54).  Plaintiffs responded with an affidavit stating that Defendants Desiree Callender, DCAR, and Gomez Towing were served with a complaint on June 10.  (ECF No. 56).  Plaintiffs' affidavit, however, does not establish compliance with Rule 4.  Moreover, two of these defendants previously disputed the effectiveness of service in opposition to an earlier motion.  (ECF No. 47).  Plaintiffs, thus, were on

---

[6] The claim is for the "deprivation of Plaintiffs['] rights under the Fourth, Fifth and Fourteenth Amendments," but the complaint only discusses an allegedly unlawful seizure which is a Fourth Amendment violation.  (ECF No. 2 ¶¶ 53-61).

notice of the purported defects in their earlier attempts at service. Although Plaintiffs provided the return receipts, none of the mailings was sent "restricted delivery" as required under the rule. There is no evidence suggesting that any of the three defendants was attempting to evade service. Finally, Desiree Callender and DCAR "assert that there was no summons in either of the mailings from the Plaintiffs." (ECF No. 47, at 2). Plaintiffs do not dispute this assertion.

Rather, after more than six months, Plaintiffs finally submitted proposed summons. Plaintiffs' delay has vastly exceeded the scope of Rule 4, and Plaintiffs provide no reason. Accordingly, the claims against Desiree Callender, DCAR, and Gomez Towing will be dismissed without prejudice.

## IX. Motion to dismiss for failure to state a claim by Defendant VRM

Defendant VRM moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim against it upon which relief could be granted. (ECF No. 38).

As to the negligence claim, Defendant VRM argues that it owed no duty to Plaintiffs, and, even if it did, Defendant VRM did not breach that duty. (ECF No. 38-1, at 26-28). Plaintiffs' response is confusing, but they appear to argue that Defendant VRM is liable for negligent hiring because it hired the entities that caused the damages. (ECF No. 53, at 3).

> To survive a motion to dismiss the negligent hiring . . . claim, [Plaintiffs] must establish the following five elements:
>
> > (1) the existence of an employment relationship;
> >
> > (2) the employee's incompetence;
> >
> > (3) the employer's actual or constructive knowledge of such incompetence;
> >
> > (4) the employee's act or omission causing the plaintiff's injuries; and
> >
> > (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries.

*Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 198 Md.App. 254, 272 (2011) (internal quotation marks and alteration omitted). Plaintiffs have failed to allege the existence of an employment relationship and have instead stated that Defendants Desiree Callender and DCAR were "contractor[s]" for Defendant VRM. (ECF No. 2 ¶ 17). Likewise, Plaintiffs have failed to allege Defendant VRM had any knowledge of an employee's incompetence and that such incompetence was the proximate cause of their injuries. Moreover, even if this claim was based on a theory of general negligence, Plaintiffs have failed to identify a duty Defendant VRM owed to them and how VRM breached that duty. *See Sage Title Group, LLC v. Roman*, 455 Md. 188, 217 (2017). Therefore, Plaintiffs' claim of negligence against Defendant VRM will be dismissed.

Defendant VRM argues that Plaintiffs have failed to identify any actions to establish the intentional tort claims — assault and battery, conversion, false imprisonment, and intentional infliction of emotional distress – and the 42 U.S.C. § 1983 claim against it. (ECF No. 38-1, at 31-33). Plaintiffs respond with broad statements about the law of agency and appear to argue that Defendant VRM is vicariously liable for the torts others committed including violations of Section 1983. (ECF No. 53, at 11-13). Plaintiffs' complaint alleges that they were wrongfully detained and physically mistreated by Defendants Prince George's County and PGCSD. (*See, e.g.,* ECF No. 2 ¶¶ 27-H, 27-K, 27-U). Likewise, the complaint alleges that:

> The Prince George['s] County Sheriff['] entered premises and carried away personal property belonging to Plaintiffs. They searched through all personal items, broke into [P]laintiff[s]' safe and took more than $150,000.00 in Gold and Silver bullions and Certificates. . . . Prince George['s] County Sheriffs, Prince George's County Police Officers stole all personal property without the intention of returning to Plaintiffs.

(*Id.* ¶¶ 27-N, 27-O). The complaint also alleges that defendants Desiree Callender and DCAR told police that Plaintiffs were a threat to provoke "excessive law enforcement actions." (*Id.* ¶ 27-H). As to Defendant VRM, the complaint only alleges that Defendant VRM "transferred the property to [Defendants] Desiree Callender" and DCAR and that Defendant VRM trespassed against

Plaintiffs' personal property. (*Id.* ¶¶ 17, 27-P). As discussed earlier, the trespass to chattel is claim barred by the *Rooker-Feldman* doctrine.

The facts pled in support of the claims of assault and battery, conversion, false imprisonment, intentional infliction of emotional distress, and Section 1983 only involve actions taken by Defendants Prince George's County and PGCSD. To establish vicarious liability, Defendants Prince George's County and PGCSD would have to be agents of Defendant VRM acting within their agency, and the complaint does not allege such a relationship nor would such a relationship be plausible. *See Balt. Police Dep't v. Cherkes*, 140 Md.App. 282, 331-32 (2001). Likewise, although Defendant VRM may have had some relationship with Defendants Desiree Callender and DCAR, Defendant VRM did not have "control[] or [have] the right to control" Defendants Desiree Callender and DCAR's conduct, and, therefore, Defendant VRM cannot be held liable for their acts. *Hunt v. Mercy Med. Ctr.*, 121 Md.App. 516, 545 (1998). Therefore, the claims for assault and battery, conversion, false imprisonment, intentional infliction of emotional distress, and 42 U.S.C. § 1983 against Defendant VRM will be dismissed with prejudice.[7]

---

[7] Defendant VRM also argues that the intentional tort claims are barred by a one-year statute of limitations. (ECF No. 38-1, at 37). Maryland only imposes a one-year statute of limitations on actions for "assault, libel, or slander[.]" Md.Code Ann.,

Plaintiffs also claim damages stemming from a "loss of future profits from the intended sale of all or substantial portion of" the property Defendants took away. (ECF No. 2 ¶ 47). This claim does not identify any independent cause of action but rather explains the determination of the amount of damages Plaintiffs would receive if they prevailed on their conversion claim. Because the conversion claim has been dismissed against Defendant VRM, the "fourth cause of action for contractual loss of profits interfering with prospective [future] profits and economic advantage" will also be dismissed. (*Id.* at 20) (alteration in the original).

## X. Motion for Sanctions

Defendant VRM moves for sanctions against Plaintiffs. (ECF No. 49). The court declines to impose sanctions, and, thus, the motion will be denied.

---

Cts. & Jud. Proc. § 5-105. For all other intentional torts, the general three-year statute of limitation applies. Md.Code Ann., Cts. & Jud. Proc. § 5-101. Here, Plaintiffs claim for "assault and battery", (ECF No. 2 ¶¶ 48-52), and identify the elements necessary to state a claim for battery. *See Nelson v. Carroll*, 355 Md. 593, 600 (1999). Even lawyers struggle to distinguish between assaults and batteries, *see generally Lamb v. State*, 93 Md.App. 422 (1992), and, therefore, Plaintiffs' claim for "assault and battery" is properly construed as a claim for battery subject to the three-year statute of limitations. *See Ford v. Douglas*, 144 Md.App. 620, 623-25 (2002).

## XI.  Respondeat Superior

Defendant Marlboro Towing asserts that it is not liable because it was an agent acting in the scope of its agency.  (ECF No. 30-1, at 4).  Defendant Marlboro Towing only cites to *Cox v. Prince George's Cty.*, 296 Md. 162, 168 (1983) where the Court of Appeals of Maryland held "when a county has waived its governmental immunity, it is responsible under the doctrine of *respondeat superior* for the tortious acts of its employees which occur in the course of their employment."  This case allows for attribution of liability to a principal, but it does not negate the liability of the agent acting tortuously.  Under general principles of agency law, "[a]n agent is subject to liability to a third party harmed by the agent's tortious conduct. . . . [and] an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment."  Restatement (Third) of Agency § 7.01 (2006).  Accordingly, Defendant Marlboro Towing will not be dismissed because it was an agent of Defendant Prince George's county.

## XII. Motion to dismiss for failure to state a claim by Defendant Marlboro Towing

The complaint alleges that Defendant Marlboro Towing towed Plaintiff Sanders' vehicle on June 17, 2015, and would not return it.  (ECF No. 2 ¶ 27-V).  The facts alleged do not relate

to Plaintiffs claims for false imprisonment, negligence, intentional infliction of emotional distress, assault and battery, and a violation of 42 U.S.C. § 1983. Therefore, those claims will be dismissed.

The facts alleged plausibly support a claim for conversion and trespass to chattel. The claim of loss of profits will be construed as a measure of potential damages rather than an independent cause of action. It does appear that Defendant Marlboro Towing may have been acting pursuant to a lawful order and that Plaintiff Sanders may have lost a state adjudication about his vehicle. Defendant Marlboro Towing did not move for summary judgment and has not attached any evidence of a legal justification for its interference with Plaintiff Sanders' possession. Because Defendant Marlboro Towing has no defense for the towing that appears on the face of the complaint, the claims for trespass to chattel and conversion will be allowed to proceed.

## XIII.    Misjoinder of Claims

The question also arises whether the claims about the towing of June 2015 is properly joined with claims based on the events of May 2014. Under the Federal Rule of Civil Procedure, "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence

and presents questions of law or fact common to all." 7 Charles Allan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1655 (3[d] ed. 2009); Fed.R.Civ.P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). Pursuant to Rule 21, a court may at any time, upon motion or *sua sponte*, dismiss a misjoined party or sever a misjoined claim. *See, e.g., Media Prods. Inc. v. Does 1-58*, No. JFM-12-0348, 2012 WL 1150816 (D.Md. Apr. 4, 2012).

Here, the events of June 17, 2015, have no relationship to the events of May 6, 2014, and, thus, do not arise from the same transaction or occurrence. Likewise, Defendant Marlboro Towing has no relationship with any of the parties except Defendant PGCPD and will not share questions of facts and law. Therefore, it is possible that Defendant Marlboro Towing is not properly joined as a party or, at the least, that the claim concerning June 2015 is not properly joined with the rest of this suit.

Pursuant to Rule 21, "[t]he court is [also] entitled to sever any claim against a party, either in response to a motion or *sua sponte*, and to proceed with each separately." *Pinson v. U.S. Dep't of Justice*, 74 F.Supp.3d 283, 288 (D.D.C. 2014). "A

claim may be severed if it will serve the ends of justice and
further the prompt and efficient disposition of litigation."
*CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896
F.Supp. 505, 506 (D.Md. 1995). Claims that relate to different
factual events can be severed to prevent confusion and to create
discrete litigation units. *See, e.g., Ghashiyah v. Frank*, No.
05-C-0766, 2008 WL 680203, at *2 (E.D.Wis. Mar. 10, 2008)
("[T]he fact that Claim A shares two out of twenty defendants in
common with unrelated Claim B and its ten defendants, does not
mean that Claim A and Claim B are appropriately united in a
single action."); *Khanna v. State Bar of Cal.*, No. 07-2587 EMC,
2007 WL 2288116, *2 (N.D.Cal. 2007) ("Claims may be severable
under Rule 21 if they arise from different factual situations or
pose different legal questions."); D*elce v. Amtrak & Resco
Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D.Tex. 1998) ("Severance
is especially appropriate if trying claims together would
confuse the jury due to legal and factual differences."); *T.S.I.
27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y.
1987) ("When counterclaims are based on an entirely different
factual situation from that underlying plaintiff's claim for
payment they are readily severable.") (internal quotation marks
omitted). "In determining whether severance is proper, courts
consider: (1) whether the issues sought to be tried separately
are significantly different from one another; (2) whether the

separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." *Equal Rights Ctr. v. Equity Residential*, 483 F.Supp.2d 482, 489 (D.Md. 2007).

Here, the towing related events of June 17, 2015 are completely unrelated to the foreclosure related events that occurred more than a year earlier. The events will require different proof. The questions of fact and law will not overlap. Severance will not prejudice either Plaintiffs or Defendants but proceeding to trial on this eight-claim, eight-defendant suit creates a serious risk of confusion. Therefore, Plaintiffs will be directed to show cause why the claims related to the events of June 17, 2015 should not be severed from the rest of the complaint.

## XIV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Brown and Defendant PGCSD and the motion to dismiss filed by Defendant VRM will be granted. The motion to dismiss filed by Defendant Prince George's County will be granted in part and denied in part and Prince George's County will be substituted for PGCPD. The claims against Defendants Desiree Callender, DCAR, and Gomez Towing will be dismissed for failure

of service.  The motion to dismiss filed by Defendant Marlboro Towing will be granted in part and denied in part.  Plaintiffs will be directed to show cause why the claims arising from the events in June 2015 should not be severed from the rest of the complaint.  A separate order will follow.

Given the complexity of this action and the confusing nature of the complaint, it is worth stating what remains of the original complaint.  Plaintiffs have a claim against Defendant Prince George's County for a violation of 42 U.S.C. § 1983.  Plaintiff Sanders has a claim of trespass to chattel and conversion against Defendant Marlboro Towing.

> _____/s/_____
> DEBORAH K. CHASANOW
> United States District Judge