IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH SANDERS, et al.                :

   v.                                 :   Civil Action No. DKC 17-1721

DESIREE CALLENDER, et al.              :

**MEMORANDUM**

On January 9, 2018, the court issued an order dismissing some claims and directing Plaintiffs to show cause, by January 30, why the remaining claims against Defendant Marlboro Towing/Champion Towing & Services, Inc. ("Marlboro Towing") related to the events of June 2015 should not be severed from Plaintiffs' 42 U.S.C. § 1983 claim against Defendant Prince George's County ("PGC") related to the events of May 2014. (ECF No. 59). When Plaintiffs did not respond within the time allotted, the court entered an Order severing the claims on Monday, February 5. (ECF No. 60).

Unbeknownst to the undersigned, Plaintiffs had earlier submitted a response to the Clerk on Friday, February 2 requesting clarification of the court's January 9 ruling and additional time to respond. (ECF No. 66). With respect to severance, Plaintiffs' response states "given the issues raised by the court[,] severance may be a prudent course." (ECF No.

66, at 7). As Plaintiffs have no objection to severance, the court will not amend its order of February 5, and the claims are severed.

Plaintiffs seek clarification as to which claims are dismissed with prejudice and which without prejudice. All the claims against Deputy Sheriff Brown, Prince George's County's Sheriff's Department, and Vendor Resource Management, Inc. were dismissed with prejudice. The claims against Desiree Callender, Desiree Callender & Associates, Realtors LLC ("DCAR") and Gomez Towing were dismissed without prejudice. (ECF No. 59). Prince George's County Police Department is not a legal entity capable of suit, and, therefore, PGC was substituted. The tort claims against PGC were dismissed with prejudice. The claims for negligence, false imprisonment, assault and battery, intentional infliction of emotional distress, and a violation of 42 U.S.C. § 1983 against Marlboro Towing were dismissed with prejudice.

Plaintiffs also submitted, again, proposed summonses for Gomez Towing, Desiree Calendar & Associates LLC, and Desiree Calendar, and have moved to reconsider the dismissal of the claims against those defendants for failure to serve timely. Plaintiffs state that they submitted the proposed summonses to the Clerk and were treated rudely when they inquired about receipt of the signed summonses. The proposed summonses, ECF No. 57, are dated in October, but were not received and filed by

the clerk until December 1, 2017.[1] The court stated in the earlier opinion that this action in presenting the summonses to the clerk was six months after they were put on notice of the service of process deficiencies, but that observation was somewhat inaccurate. It was not until July that Plaintiffs were alerted to the potential service deficiencies, and their motion for default was not denied until August 29, 2017. On September 29, the court issued the show cause, and they responded on October 10, asserting that these Defendants were evading service. Before the court had ruled, Plaintiffs followed up the following month to present the summonses to the clerk. Under the circumstances, the court will vacate the dismissal and direct the clerk to issue the summonses for these Defendants. Plaintiffs may have 45 days to serve them.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff states in his affidavit that he submitted them on November 29.