**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MARYLAND
Civil Division**

| | | |
|---|---|---|
| **KENNETH SANDERS,** *et al.* | * | |
| **v.** | * | **Civil Action No.: DKC-17-01721** |
| **DESIREE CALLENDER,** *et al.* | | |
| | * | |

---

**DEFENDANTS DESIREE CALLENDER ASSOCIATES, REALTORS, LLC AND
DESIREE CALLENDER'S MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS**

**COMES NOW** Desiree Callender in her individual capacity and Desiree Callender & Associates, Realtors LLC, by and through their attorney Bobby G. Henry, Jr. of Henry Legal Firm, LLC, and submit this memorandum in support of their Motion to Dismiss (the "Motion to Dismiss") the Plaintiffs' Complaint (the "Complaint") pursuant to Rules 4 and 12(b)(6) of the Federal Rules of Civil Procedure and for the reasons more fully recited in any of the motions to dismiss that have been filed by any of the Defendants in this case as well as the reasons enumerated below states as follows:

**WHEREFORE DEFENDANTS**, Desiree Callender in her individual capacity and Desiree Callender & Associates, Realtors LLC ("THE CALLENDERS") request that this Court dismiss this Complaint for Damages with prejudice for failing to state a cause of action upon which relief can be granted and for failure to comply with Rule 4 and that the Court award it such other relief that the Court deems appropriate.

1

## I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM.

This is the second Complaint[1] and federal civil action (the "second federal Complaint") filed by the Plaintiffs, one of whom was the former owner of 12118 Birchview Drive, Clinton, Maryland (the "Birchview Property"). This second action is premised upon the underlying facts linked to the foreclosure case (Circuit Court Civil Action CAE10-20285 ) (the "State foreclosure case") which resulted in the Prince George's County Circuit Court ordering the April 12, 2011 foreclosure sale of the Property. The foreclosure sale was ratified by the Prince George's County Circuit Court on July 29, 2011 and no appeal was taken. *See* Doc 37-3.   Shortly thereafter, the Secretary of Veterans Affairs was substituted as the foreclosure purchaser. *Id*.

On January 7, 2014, the Secretary of Veterans Affairs requested a writ of possession. The Prince George's County Circuit Court issued the writ of possession on January 29, 2014 and the Sheriff returned the service on May 13, 2014. No appeal was noted from the State foreclosure case by any interested party. *Id*. Over three (3) years after the foreclosure sale was ratified and more than three (3) months after the Sheriff executed the Writ of Possession, the Secretary of Veterans' Affairs sold the Property to ANI, who was the ultimate *bona fide* purchaser, on August 27, 2014. *Id.*

---

[1] The procedural history of the case is also clearly set forth by Defendant Vendor Resource Management, Inc. (Doc. 37 and related exhibits) and in this Court's Memorandum Opinion (Exh. 2). Defendants incorporate by reference all of the exhibits proffered with Defendant Vendor Resource Management, Inc. which contain land records, state court proceedings and relevant documentation related to the underlying foreclosure action. Particularly Doc37-2, 37-3 and 37-5 are brought to the Court's attention. These documents may be considered without converting the motion into one for summary judgment. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 (4th Cir. 1990).

Approximately six months later and well after the time for noting an appeal from the State foreclosure case had expired, Plaintiffs filed their first Complaint in this federal court on May 29, 2015 and it was captioned as Case 8:15-cv-01571-DKC (the "first federal Complaint"). *See* Exh. 1. In the first federal Complaint's section entitled "Fact Common to All Claims" the Birchview property was referenced as the property subject to the promissory note and deed of trust where Plaintiff resided on May 6, 2014. Exh. 1 at ¶¶ 7, 9-11. The first federal Complaint also contained allegations relating to the May 6, 2014 events recounted below and raised seven counts which included: I-negligence, II-illegal eviction, III-vicarious liability, IV-violation of the Fair Debt Collection Practices Act, V-unjust enrichment, VI-set aside Trustees Sale and VII-Void or Cancel Trustee's Deed Upon Sale. *Id.* at 12. Notably, no additional operative facts were alleged in counts I to VII and each count also incorporated the facts included in the Facts Common to All Claims.

On January 19, 2016, this Court's Memorandum Opinion and Order dismissed the first federal Complaint and summarized the facts alleged as follows:

> The substance of Plaintiffs' complaint largely concerns the alleged events of May 6, 2014. According to the Plaintiffs, Mr. and Mrs. Sanders were at the Property when [a]n unidentified woman with two occupants drove onto the [P]roperty without consent. According to the Plaintiff, the woman then identified herself as a representative of VRM and employee of Defendant Desiree Callender & Associates. At Mr. Sanders' instruction, these individuals left the Property. Later that day, however, police officers . . . and the Prince George's County Sheriff's Department surrounded the . . . [P]roperty, pointed assault weapons at [Mr. Sanders,] and told him to get on the ground. The complaint recounts that Mr. and Mrs. Sanders were detained while police officers and deputy sheriffs then entered the . . . [P]roperty and conducted a search and seizure. They later brought out [Mr. Sanders'] personal belongings. . . . According to Plaintiffs, law enforcement personnel carried Mr. Sanders' personal possessions to a vehicle 'or threw them onto the sidewalk.' Mr. and Mrs. Sanders allegedly were released from handcuffs and the police officers left the Property, but the locks to the Property had been changed and Mr. and Mrs. Sanders 'could not locate their [personal property.]

Exh. 2 at 4-5 (citations and quotations omitted). When this summary from the Court's Opinion is compared to the second federal Complaint, the similarities between the two Complaints is clear.

3

Moreover, the Plaintiff did not file an appeal.  Plaintiff Sanders then filed a new action in the Circuit Court for Prince Georges County Maryland on April 24, 2017, which was removed to this Court prior to effecting service on THE CALLENDERS. *See* Doc. Nos. 1-10, 55.

 A comparison of paragraphs 19 through 23 and 27-D through 27-U of Plaintiffs' second federal Complaint, demonstrates that the facts and issues raised as to THE CALLENDERS in this action are essentially the same as those raised in the Complaint filed in the prior action referenced above.   Indeed, as in the first federal Complaint, all of the claims arise from the same underlying facts which occurred as a direct result of the State Circuit Court foreclosure case, Writ of Possession and the corresponding May eviction.

These essentially identical facts form the basis of the eight causes of action raised in the second federal Complaint*, i.e,* negligence, conversion, false imprisonment, loss of profits/interference with prospective economic advantage, assault and battery, 42 USC 1983, trespass to chattels and intentional infliction of emotional distress. Plaintiff could have included all of the current claims in his first federal Complaint and should not be allowed to essentially have two bites at the apple when said claims could have previously been raised.  *Res judicata* and *estoppel* are affirmative defenses which in this instance mandate dismissal. *See* Fed. R. Civ. P. 8(c)(1); *see also Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.,* 710 F.3d 527, 533 (4th Cir. 2013).

THE CALLENDERS, who are named in both the first and second federal Complaints, have at all times served as the realtor for the seller and had no independent duty to the Plaintiffs.  The Plaintiff's Complaint, which appears to be based upon the incorrect assumption that the Birchview Property was "transferred  . . . to Desiree Callender, Desiree Callender & Associates, Realtors LLC. . ."  is fatally flawed and cannot state a claim upon which relief can be granted based upon

an allegation that THE CALLENDERS owned and controlled the property.  Complaint at 7 ¶ 17.

Plaintiffs also state that the "ownership of the premises . . . was that of Plaintiff Sanders from

September 1993 until May 6, 2014" and concede that thereafter "the premises was sold . . . and

transferred to Department of Veterans Affairs, who transferred it to its contractor Vendor Resource

Management, Inc. who transferred the property to Desiree Callender, Desiree Callender &

Associates, Realtors, LLC . . . who sold the property to ANI Real Estate Investment, the alleged

current new owner."  Complaint at 7 ¶ 17.

In paragraph 18 of the second federal Complaint Plaintiffs further concede that the owner,

and not THE CALLENDERS, was responsible for the May 6, 2014 events.  Plaintiffs allege that

the "new owner, Department of Veteran's Affairs, set about to execute on the persons and property

then existing living in or resting at 12118 Birchview Drive, Clinton, Maryland and to restore

'possession' to the owner as allowed by law."  Complaint at 7 ¶ 18.  Plaintiff also concedes the

lawfulness of the action by alleging that "a legal proceeding … resulted in the issuance of an

enforcement based writ of possession after a judgment." Exh. 2 Complaint at ¶ 18  Nevertheless,

having raised no appeal of these matters decided by the Maryland Circuit Court, the Plaintiffs

currently and for a second time impermissibly seek to have this Court review alleged actions

resulting from the State of Maryland's foreclosure and eviction process.

Despite the clear acknowledgement that there was a writ of possession which the new

owner, Department of Veterans Affairs sought to enforce, the Plaintiffs alleges that on May 6,

2014, the defendants "*illegally trespassed* and came upon the real property *then lawfully possessed

by the plaintiffs. . . for the purpose of dispossession pursuant to a state court issued writ of

possession.*"  Complaint at 7 ¶ 19 (emphasis supplied). Paragraph 19, which acknowledges that

5

the alleged actions of THE CALLENDERS were lawfully taken pursuant to the writ of possession, is incorporated into each claim raised by the Plaintiffs.

There are no allegations in the Complaint, that the Writ of Possession was itself illegal and that the THE CALLENDERS were intentionally acting in an illegal manner or that they had a specified duty to the Plaintiffs which was breached.  In fact, The CALLENDERS owed no duty to the Plaintiffs.  According, the Plaintiff have failed to state a claim as to Counts 1, 2, 3, 4, 5, 7 and 8 because there are no allegations showing that THE CALLENDERS acted intentionally or that they breached an established duty. Moreover, THE CALLENDERS did not obtain, enforce or execute the Writ of Possession in any manner whatsoever.

Plaintiffs also fail to state a claim in many respects based upon their incorrect assertion that they were lawfully possessing land and that they had the legal right have their possessions on the property.[2] The claims of conversion (Count 1) and trespass (Count 2) cannot stand if the Plaintiffs were not owners of the Birchview property and therefore had no right to have their personal property on the premises.   Plaintiffs further claim to have been injured by the manner in which they and their property was removed by lawful officials supervising the eviction process. However, these claims are not objectively reasonable as the Plaintiffs had no legitimate right to continue to hold their personal belongings in the Birchview Property and were themselves in a position similar to squatters or trespassers.

---

[2] The record demonstrates that at all relevant times the property was owned by the Department of Veterans Affairs and the Plaintiffs so concede that the "new owner, Department of Veterans Affairs, set about to execute on the persons and property then existing, living in or resting at 12118 Birchview Drive . . .and to restore 'possession' to the owner as allowed by law."  Complaint at 7 ¶ 18.   THE CALLENDERS were merely an agent of the owner Department of Veterans Affairs and any said claims should have been made against the Department of Veterans Affairs, an indispensable party that was not named in this matter by the Plaintiffs and in should prevent the case proceeding without said Department of Veterans Affairs being joined.

The sheriffs had a mandate and duty to execute the Writ and if, as the Plaintiff alleges, they took inappropriate physical actions against the Plaintiffs due to alleged conversations held with THE CALLENDERS, it is the sheriffs for whom they have a possible claim – not THE CALLENDERS.  Indeed, the Plaintiffs concede that the sheriffs were not told that THE CALLENDERS had called the police in paragraph 27-G of their Complaint wherein they state: "Plaintiff Sanders was told by the police officers that they received a call stating he is "armed and dangerous, hostile, a threat to the community, and he made phone calls to the Prince George's County Sheriff and Prince George's County Police Department threatening to shoot them." Complaint at 12 ¶ 26-G.

 Having alleged no further facts as to how THE CALLENDERS gave this information to the sheriff, the allegation of a conspiracy remains fictional and cannot state a claim upon which relief can be granted.  The universe of community members could have made this unidentified call to the sheriff and, by their own allegation, a person in the community - not THE CALLENDERS made the call.  The sheriff thereafter had the independent duty of determining if they should act on information obtained from the unidentified caller.  Accordingly, as a matter of law, Plaintiffs have not stated a viable conspiracy claim under section 1983 (Count 6),  nor have they stated facts to support the intentional claims of false imprisonment (Count 3), loss of profits/interference with prospective economic advantage (Count 4), assault and battery (Count 5), trespass to chattels (Count 7) and intentional infliction of emotional distress (Count 8).

Finally, the Plaintiffs cannot state a viable claim for negligence (Count 1) because the allegations indicating they remained in the property when they do not state they were even unaware of the state court's lawful writ demonstrate that the Plaintiffs were contributorily negligent and

that they assumed the risk of damage to their property by keeping such in the Birchview Property. Count 1 must also be dismissed for failure to state a claim upon which relief can be granted.

Even if the above arguments do not mandate dismissal there are other grounds which require that this case be dismissed.  THE CALLENDERS are sued in this second federal Complaint for the same underlying facts based upon the state foreclosure process and claims which have been reorganized into eight counts but which are based upon the same underlying facts.  Clearly this second federal Complaint should be dismissed due to the claim preclusion doctrines of *res judicata* and collateral estoppel, as well as *the Rooker-Feldman* doctrine.[3]   The Plaintiffs are merely seeking to relitigate issues already decided and are impermissibly seeking for this Court, in essence, to conduct an appellate review of the merits already decided in the state foreclosure action from which the Plaintiffs did not file any appeal.  Even "if a claim is not presented to a state court, or by inference is not ruled upon, a plaintiff is not entitled to bring that claim in federal court if the claim was one that should have been brought in the state court." *Guess v. Bd. of Med. Exam'rs of State of N.C.*, 967 F.2d 998, 1003 (4th Cir.1992).

---

[3] As this Court observed in its Memorandum Opinion filed in the first federal Complaint and as Defendant Vendor Resource Management has asserted in its Motion filed in response to this second federal Complaint: "Under the *Rooker-Feldman* doctrine, lower federal courts may not consider either 'issues actually presented to and decided by a state court' or constitutional claims that are inextricably intertwined with questions ruled upon by a state court." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (internal quotations omitted). "Federal courts are divested of jurisdiction where entertaining the federal claim should be the equivalent of an appellate review of the state court order." *Id.* (internal quotations omitted). *See Adkins v. Rumsfeld*, 464 F.3d 456, 463 (4th Cir. 2006); *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (explaining that the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court").

This Court followed this reasoning after viewing the first federal complaint which included

the same underlying facts:

> Although Defendants Desiree Callender and Desiree Callender
> & Associates did not move to dismiss the complaint on this basis,
> Plaintiffs' claims against them are also barred under *Rooker-
> Feldman.*

*See* Exh. 2 Memorandum Opinion at 16 n. 4 (citations omitted).

The Plaintiffs Kenneth Sanders and Paula Webber[4] are impermissibly and inappropriately

attempting to utilize this Court to undertake an improper appellate review of the Foreclosure

Action and are also raising claims which are precluded.   The Complaint should be dismissed.

## II.  THE DEFECTIVE SERVICE OF PROCESS ALSO REQUIRES DISMISSAL

The Plaintiffs also failed to effectuate proper service of process thus divesting this Court

of jurisdiction over this matter.  The Plaintiff has been involved in the substance of this case since

2011 and has had numerous opportunities to serve process properly. The Plaintiff is an experienced

*pro se* litigant who been provided with extensive opportunities to properly effectuate service of

process. See, e.g., Affidavit of Mailing Court Summons To Defendant signed by Kenneth Sanders

and Paula Webber. Doc. 7. The record reflects that in action involving the first federal Complaint,

the Plaintiff choose to utilize impermissible and deceitful techniques for obtaining service.

Desiree Callender, who is being sued in her individual capacity, is an individual who

resides in Prince George's County.  Desiree Callender is also the registered agent for Desiree

---

[4] THE CALLENDERS also concur with Defendant Vender Resource Management's
contention that Paula Webber has no standing to pursue claims in this matter and has failed to state
a claim upon which relief can be granted because she is an unknown person who appears to have
no relationship to the loan or the current action which also fails to state her involvement, valid
damages proximately related to THE CALLENDERS conduct or other actionable harm sustained
from the facts alleged in the Complaint.

Callender & Associates, Realtors, LLC.   Neither Desiree Callender nor Desiree Callender & Associates, Realtors, LLC. authorized the undersigned counsel or his office, Henry Legal Firm, LLC to accept service on her behalf.  No representative of Henry Legal Firm, LLC has represented to Plaintiff or Plaintiff's Agent that the firm was authorized to accept service on behalf of Desiree Callender or Desiree Callender & Associates, Realtors, LLC.

Rather, than obtaining personal service on Desiree Callender, who serves as the Registered Agent of Desiree Callender & Associates, LLC, the Plaintiffs sought to surreptitiously deliver a sealed envelope addressed to Bobby Henry by giving said envelope to a secretary in his law office. *See* Exh. 3.  On or about March 7, 2018, the Defendants caused an envelope to be dropped at the undersigned's law office at 9701 Apollo Drive, Suite 100 in Largo, Maryland.  The envelope was addressed as follows:

> Bobby G. Henry, Jr.
> Henry Legal Firm, LLC
> 9701 Apollo Drive, Suite 100
> Largo, MD  20774

*See* Exh. 3.  The Plaintiff has demonstrated in the past his knowledge of the appropriate manner of effectuating process.  In stark contrast to the envelope given to counsel's secretary (Exh 3), the Plaintiff in the first federal case caused an envelope to be addressed as follows:

> Registered Agent
> Desiree Callender & Associates
> Realtors, LLC, A Limited Liability Co.
> Principal Office
> 2905 Mitchellville Rd. St 101
> Bowie, MD 20176

*See* Exh. 4. The contrast between the two envelops suggest the Plaintiff's actions were intentional. Moreover, the person delivering said envelop did not identify himself as a process server and did not inform the secretary that this document was actually a Complaint which needed to be served

on THE CALLENDERS.  If the process server had properly identified that he was trying to serve

a Complaint, the secretary would have informed the process server that the law firm did not have

authority to receive such documents on behalf of THE CALLENDERS.  The documents contained

in the envelope included a February 22, 2018 Summons which was contained another address as

follows:

> DESIREE CALLENDER, REGISTERED AGENT
> DESIREE CALLENDER & ASSOCIATES, REALTORS
> LLC A LIMITED LIABILITY CO.
>
> Principle office
> 2905 Mitchellville, Rd. Suite 101
> Bowie Md. 20716

*See* Exh. 5.   This manner of service was defective.

The Plaintiff has filed one Proof of Service which is defective and cannot provide a basis for

proving that the Defendants were properly served. In the Proof of Service the process server, Ibna

D. Turner, declared:

> This summons for *(name of individual and title, if any)*_____was
> received by me on *(date)*_____.
>
> I left the summons at the individual's residence or usual place of abode with
> (name) *Sandra Orianne receptionist accepted the summons on behalf of Bobby
> G. Henry, Jr. the Defendant's attorney,* a person of suitable age and discretion
> who resides there, on (date) *March 7, 2018* and mailed a copy to the individuals
> last known address; or *9701 Apollo Drive, Suite 100, Largo, MD  20774 @ 1:03
> pm*

*See* Exh. 6.

The Proof of Service does not indicate who the summons was for by inserting the name of

the individual and title.  All that can be taken from the Proof of Service is that a summons for an

unknown entity or person was allegedly accepted by a receptionist of Bobby G. Henry, Jr's in his

office.   The name of the receptionist is also spelled incorrectly, further suggesting that there was no discussion between the process server and the receptionist.

Clearly service was defective because Maryland Rule 2-121, which provides that "service of process may be made within this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail  . . . " was not followed.  Likewise, Maryland Rule 2-124, which provides additional instructions for a limited liability company such as Desiree Callender & Associates, Realtors LLC, was not followed.   Rule 2-124(b) and (h) provides:

> (b) Individual. Service is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual.
>
> ***
>
> (h) Limited liability company. Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process.

Service on the limited liability company would have had to be made on its resident agent, Desiree Callender, and could not have been properly left with a receptionist who was not even informed that a summons or other document for Desiree Callender or Desiree Callender & Associates, Realtors LLC, was being served.

Neither the company's resident agent nor Desiree Callender, in her individual capacity, received proper notice of the action as required by LAR ( c)(3)(a)(1). Even still, personal service would have been required. There is good cause for the Complaint to be dismissed against Desiree Callender & Associates, Realtors LLC and Desiree Callender due to the failure of the Plaintiffs to comply with rules governing service on the above Defendants.

The burden is on the Plaintiffs to establish the validity of service under Rule 4 of the Federal Rules of Civil Procedure. *See O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). The Defendants have demonstrated that service of process was insufficient and did not comply with Rule 4 of the Federal Rules of Civil Procedure. As the Plaintiffs have clearly sought to ignore the plain requirements of the rules governing service of process, it is proper to dismiss the Complaint against the Defendants with prejudice. *See, e.*g., *Armco v. Penrod-Stauffer Building Systems*, 733 F.2d 1087 (4th Cir. 1984). In *Armco* the Court of Appeals reviewed a Plaintiff's failure to comply with Rule 4 because there was no valid service of process noting that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco*, *Inc*. 733 F.2d at 1089.

The Defendants did not authorize the undersigned attorney to accept service on their behalf. In any event, the undersigned was not "in fact" served by the process server and no one in his office consented to receive service on his behalf or on behalf of THE CALLENDERS. The Defendants' Motion to Dismiss the Complaint with prejudice due to failure to comply with Rule 4 should be granted.

**CONCLUSION**

Plaintiffs have not presented a justiciable case or controversy for this Court to decide. The issues raised in the Complaint relate to the State of Maryland's foreclosure and eviction process which validated the right of all of the Defendants named in Plaintiffs' Complaint to lawfully complete the process as authorized by the Maryland Courts. The fact and the issues raised in the Plaintiffs' Complaint were collaterally attached to the prior federal action. As such, they are deemed the law of the case and the Plaintiffs are collaterally estopped from pursuing these claims in this Court as a result of their failure to appeal the final Order of Ratification or the final Order Granting Possession.

The Plaintiffs, by staying in the home with full knowledge of the Maryland Circuit Court's orders giving the Department of Veterans Affairs the right to regain possession, cannot be compensated for their complaints as they contributed to their own injury and assumed the risk of damaging or loosing property by staying in the home and facing the risks inherent in being holdover mortgagees and as tenants at sufferance. Indeed one of their allegations is that Desiree Callender informed them that they could be removed and that Plaintiffs were offered money to leave. Viewing the Complaint in the light most favorable to Plaintiff, the Plaintiffs knowingly chose to maintain their personal property and to stay in property owned by the federal government through the Department of Veteran's affairs. Moreover, the claims that the sheriffs, who are trained state actors with a duty to carry out the orders of the court, illegally modified their conduct due a statement by THE CALLENDERS or that THE CALLENDERS otherwise had an independent duty to the Plaintiffs are not viable claims even when viewed in the light most favorable to the Plaintiffs.

Plaintiffs bear the initial burden of pleading sufficient facts to demonstrate that subject matter jurisdiction exists and that they have standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The failure to state a cause of action upon which relief can be granted and the failure to properly serve THE CALLENDERS mandates a dismissal of the Complaint immediately without granting leave to amend. This Complaint should be dismissed with prejudice. Defendants, THE CALLENDERS respectfully submit that the Complaint as to Defendant, THE CALLENDERS, in its entirety, should be immediately dismissed with prejudice and without granting Plaintiffs leave to amend.

Respectfully submitted,

**HENRY LEGAL FIRM, LLC**

    /s/  Bobby G. Henry, Jr.
Bobby G. Henry, Jr., Esq., Bar Number: 18118
9701 Apollo Drive, Suite 201
Largo, MD 20774
Office: (301) 925-7900 Facsimile: (301) 925-7901
Email Address: Bobby@HenryLegalFirm.com
*Counsel for Desiree Callender in her individual capacity*
*and Desiree Callender & Associates, Realtors LLC*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 28th day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Kenneth Sanders 8787 Branch Ave Suite 128 Clinton, MD 20735 Plaintiff  (also mailed)

Paula Webber 1123 State Route 3 North Suite 244 Grambrills, MD 21054 Plaintiff (also mailed)

Jason Lee Levine  Esq. Office of the Attorney General Maryland State Treasurer's Office 80 Calvert Street 4th Floor Annapolis, MD 21401  Counsel for Defendant  Prince George's County Sheriff Department Sheriff G. Brown

Robert H. Hillman, Samuel I White PC 611 Rockville Pike, Ste 100, Rockville, MD  20850-1178
Counsel for Vendor Resource Management, Inc.

Saman Danai  Esq. County Attorney for Prince George s County, MD County Administrative
Building Toom 5121 Upper Marlboro, MD 20772  Counsel for Prince Georges County Police
Dept.

Gomez Towing c/o Ernesto O Gomez 906 Shelby Drive Oxon Hill, MD 20745 Defendant

Wilmer R. Ticer Esq 9375 Chesapeake Street Suite 225 LaPlata, MD 20646 Counsel for
Marlboro Towing/Champion Towing  & Services Inc.   Defendant

___/s/  Bobby G. Henry, Jr._____

Bobby G. Henry, Jr., Esq.
