IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH SANDERS, et al.             :
                                     :
   v.                                :   Civil Action No. DKC 17-1721
                                     :
DESIREE CALLENDER, et al.            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to dismiss filed by Defendants Desiree Callender and Desiree Callender & Associates, Realtors LLC (collectively the "Callenders") (ECF No. 71) and the motion to dismiss filed by Defendant Prince George's County (the "County") (ECF No. 62). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted.

I.  **Background**

A complete recitation of Plaintiffs' case can be found in the court's prior memorandum opinion. (ECF No. 58). In short, Plaintiffs' home was foreclosed on in June 2010, and a lawful writ of possession was issued. The writ was executed on May 6, 2014. (*Id.* at 2). According to the complaint, the Callenders called the police on that day to have Plaintiff Sanders evicted

and falsely reported that he was armed and dangerous in order to "to embarrass, burden, threaten, [and] intimidate" Plaintiffs (ECF No. 2 ¶ 27-H), the County used excessive and unnecessary force in executing the eviction (*Id.* ¶¶ 27-J, 27-K), and Defendant Gomez Towing damaged Plaintiffs' cars towing them out of the garage. (*Id.* ¶ 27-S).

On April 24, 2017, Plaintiffs brought suit alleging seven state tort claims and a violation of 42 U.S.C. § 1983 against a variety of entities involved in the eviction. The County and Callenders filed motions to dismiss. On January 9, 2018, the court dismissed the state law claims against the County but not the § 1983 claim.[1] (ECF No. 58). On February 16, the County moved to dismiss the § 1983 claim arguing that Plaintiffs had failed to identify a policy or practice which caused a constitutional deprivation, and, thus, the County could not be held liable in its supervisory capacity. (ECF No. 62-1, at 4). Plaintiffs were provided with *Roseboro* notices which advised them of the pendency of the motion to dismiss and their entitlement to respond within seventeen (17) days from the date of the letter. (ECF Nos. 64, 65); *see Roseboro v. Garrison*, 528

---

[1] Although the prior opinion reasoned that all the state law claims should be dismissed against the County (ECF No. 58, at 21), the Order did not dismiss the claim for intentional infliction of emotion distress (Count VIII) (ECF No. 59, at 1). The County moved to dismiss this count (ECF No. 62-1, at 2), and the accompanying Order will remedy the oversight.

2

F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).

Plaintiffs did not respond within the required time period. Instead, on May 7, Plaintiffs filed a "Notice of Errata" alleging that they had not received a memorandum of law and requested "an Order in confirmation of this Notice to quiet the issue improperly brought to the bench[.]" (ECF No. 75). The next day the County filed a response asserting that there had been no errors but, nonetheless, sent a second copy of its motion and the memorandum of authority. (ECF No. 76). Plaintiffs have still not responded.

In its prior opinion, the court also initially dismissed the claims against Defendants Callenders and Defendant Gomez Towing for improper service. (ECF No. 58). Plaintiffs filed a motion to reconsider explaining their efforts in attempting service and submitted proposed summons. The court granted the motion to reconsider, vacated the dismissal, and issued summons for Defendants Callenders and Gomez Towing. (ECF No. 67). On March 7, Ilona D. Turner gave a copy of the summons to the receptionist for Defendants Callenders' counsel.[2] (ECF No. 70).

---

[2] It is not clear who Ilona Turner is. She purportedly took no fee for her work and incorrectly spelled the name of the person she served. (ECF No. 70).

3

On March 29, Defendants Callenders moved to dismiss for improper service (ECF No. 71-1), and Plaintiffs responded (ECF No. 74).

**II. Service of Process**

Defendants Callenders move to dismiss pursuant to Rule 12(b)(5). When the defense challenges service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

Under Rule 4, service can be made by

> doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e)(2). As explained in the prior opinion, service can also be made in Maryland "by mailing to the person to be served

4

a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery — show to whom, date, address of delivery.'" Md.Rules, Rule 2-121(a); *see* Rule 2-124(b) (allowing service to be made on an agent authorized to receive service of process).

Here, Plaintiffs did not attempt to serve via certified mail or by serving Defendant Callender, personally. Instead, they had someone serve Defendants Callenders' attorney's receptionist. The attorney's receptionist is not an agent authorized to receive service, and a law office is not a "place of abode." Accordingly, service of process has not been made.

Plaintiffs filed this case over a year ago. Service has still not been completed even though multiple summonses have been issued. Plaintiffs' continued disregard for the rules makes this case distinguishable from those where it is appropriate to quash service rather than dismiss the case. *See, e.g., Ngabo v. Le Pain Quotidien*, No. DKC 11-0096, 2011 WL 978654, at *2 (D.Md. Mar. 17, 2011) ("Where 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process.'") (quoting *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983)). Not only have Plaintiffs disregarded the rules, but the prior opinion explicitly laid out how to effectuate service and

Plaintiffs chose not to heed the opinion. After more than a year, dismissal is the appropriate disposition, and the Callenders' motion to dismiss will be granted.

It does not appear that Plaintiffs have attempted to serve Defendant Gomez Towing. Accordingly, Defendant Gomez Towing also will be dismissed for ineffective service of process.[3]

## III. § 1983

### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268

---

[3] Plaintiffs repeatedly state that Defendants have evaded service. (ECF No. 74, at 3). Plaintiffs provide no facts to support this statement.

6

(1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901

F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

Plaintiffs have not responded to the County's motion to dismiss. Although the court "has an obligation to review the motions to ensure that dismissal is proper," *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014), "when a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the motion and dismiss the suit on the uncontroverted bases asserted in the motion." *White v. Wal Mart Stores, Inc.*, No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014) (internal quotation marks and alterations omitted); *see Brown-Henderson v. Capital One, N.A.*, No. DKC-13-3324, 2014 WL 3778689, at *1 (D.Md. July 29, 2014) (dismissing a case based on the merits when *pro se* defendant failed to respond).

### B. Analysis

The County moved to dismiss arguing that "Plaintiffs have failed to properly allege . . . that their injuries, if any, were caused pursuant to an official policy, custom or procedure of Defendant's[.]" (ECF No. 62-1, at 5). Plaintiffs allege:

> The deprivation of Plaintiffs rights . . . resulted from the Prince George's County's inadequacy of [p]olice training with respect to [the] basis for and manner of seizing persons on the basis of false and malicious rhetoric by Defendant Desiree Callender, Desiree Callender and Associates, Realtors LLC, mounting to deliberate indifference to the rights of persons who police come into contact with.

(ECF No. 2 ¶ 60).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). When "a municipality's failure to train its employees in relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants," then the failure to train amounts to an official policy making the municipality liable pursuant to Section 1983. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To proceed with a failure to train claim, a plaintiff must plead that: "(1) an employee of the municipality violated the plaintiff's constitutional or statutory rights; (2) the municipality failed to train its employees, manifesting a 'deliberate indifference' to the rights of citizens; and (3) the failure to train actually caused the employees to violate the plaintiff's rights." *Artiga Carrero v. Farrelly*, 270 F.Supp.3d 851, 864 (D.Md. 2017).

Although not often broken down, the second element has at least two parts. One requirement is that the plaintiff plead facts revealing the "adequacy of the training program in relation to the tasks the particular officers must perform," *Flanagan v. City of Dallas*, 48 F.Supp.3d 941, 957 (N.D. Tex. 2014), which requires more than a mere conclusory statement that training was inadequate. *Peters v. City of Mount Rainier*, No. GJH-14-0955, 2014 WL 4855032 at *5 (D.Md. Sept. 29, 2014); *see Lewis v. Simms*, No. AW-11-2172, 2012 WL 254024, at *3 (D.Md. Jan. 26, 2012) (requiring a plaintiff to plead facts revealing "the nature of the training"). The other requirement is that the plaintiff establish deliberate indifference either by pleading a failure to act "despite a known pattern of widespread constitutional deprivations," *Milligan v. City of Newport News*, 743 F.2d 227, 229-30 (4th Cir. 1984), or that "the constitutional violation at issue was the 'patently obvious' or 'highly predictable' consequence of the municipality's failure to provide additional specified training." *Artiga Carrero*, 270 F.Supp.3d at 865 (quoting *Connick*, 563 U.S. at 64).

The third element requires "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (internal quotation marks omitted). Thus, "for liability to attach . . . the

10

identified deficiency in a [municipality's] training program must be closely related to the ultimate injury." *City of Canton*, 489 U.S. at 391.

Plaintiffs fail to allege facts supporting the second and third elements. Plaintiffs allege that the training in regard to effectuating seizures after false reports was inadequate. Plaintiffs do not allege any facts about the frequency of false reports or the frequency of seizures based on false reports. Plaintiffs do not allege any facts about the nature of the training officers receive in regard to seizures based on citizen reports. Without such information, Plaintiffs have not established that the training program was inadequate for the task.

Plaintiffs have also failed to allege deliberate indifference. Plaintiffs have identified no pattern of unlawful seizures that would have put the County on notice. Plaintiffs have not alleged that it is patently obvious that police officers will effectuate seizures based on false reports from witnesses. Indeed, an eyewitness account can provide reasonable suspicion, and an officer acting pursuant to that information would not be effectuating an illegal seizure. *See, e.g., Navarette v. California*, 134 S.Ct. 1683 (2014) (finding that an anonymous complaint about a driver could furnish reasonable

suspicion for a stop of the vehicle). Plaintiffs have not alleged that the County was deliberately indifferent.

Plaintiffs have likewise not alleged the third element. Plaintiffs claim injuries resulting from conditions that were borderline torture. The allegations include "pointing assault weapons at plaintiff [Sander's] head" (ECF No. 2 ¶ 27-E), Plaintiffs being handcuffed in vehicles "for more than 8 hours, without food, water, medication and bathroom breaks" (*Id.* ¶ 27-K), and Plaintiff Sanders being "physically violated and sexually assaulted . . . multiple times" (*Id.* ¶ 27-J). A failure to train about effectuating seizures after potentially false reports is not "the moving force" for the injuries Plaintiffs identify, and, thus, Plaintiffs have not established causation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Callenders and the motion to dismiss filed by the County will be granted. A scheduling order will be entered for the remaining claims – trespass to chattel and conversion – against Defendant Marlboro Towing/Champion Towing & Services, Inc. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

12