IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH SANDERS, et al.

    v.                     :   Civil Action No. DKC 17-1721

DESIREE CALLENDER, et al.

**MEMORANDUM OPINION**

Defendant Marlboro Towing/Champion Towing & Services, Inc. ("Defendant") filed a motion for summary judgment on September 4, 2018. (ECF No. 80). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for summary judgment will be denied.

**I.   Background[1]**

Plaintiffs Kenneth Sanders and Paula Webber filed a complaint against a variety of entities in the Circuit Court for Prince George's County on April 24, 2017 and the case was removed to this court on June 22, 2017. (ECF No. 1). The complaint alleged seven state tort claims and a violation of 42 U.S.C. § 1983 arising out of Plaintiffs' eviction from their home on May 6, 2014 and the towing of Plaintiff Sanders' 1994 Ford Ranger from "the main street of

---

[1] Additional recitation of the factual background can be found in the court's prior memorandum granting in part and denying in part Defendant's motion to dismiss. (ECF No. 58).

Birchview Drive, Clinton, Maryland 20735" on June 17, 2015. (ECF No. 2, at 16). Plaintiffs' claims of false imprisonment, negligence, intentional infliction of emotional distress, assault and battery, and a violation of 42 U.S.C. § 1983 were dismissed as to Defendant on January 9, 2018. (ECF No. 59). Remaining are two of Plaintiff Sanders' claims against Defendant: trespass to chattel and conversion. Because the events underlying the claims against Defendant did not arise out of the same transaction or occurrence as the eviction related events that occurred more than one year earlier, Plaintiffs' claims against Defendant were severed from the rest of the complaint on January 9, 2018. (ECF No. 60). Defendant answered on February 14, 2018, denying all material allegations but conceding that it "towed a 1994 Ford Ranger on June 17, 2015" at the request of the Prince George's County Police Department ("PGCPD"). (ECF No. 61 ¶ 10).

## II. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986). To prevail on a motion for summary judgment, the moving party generally bears the burden of showing that there is no genuine dispute as to any material fact. *Liberty Lobby*, 477 U.S. at 248-50. A dispute about a material

2

fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 249. In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005), but a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).

**III. Analysis**

    **A.    Defendant's Exhibits**

Defendant provides numerous pieces of evidence in support of its motion for summary judgment: (1) the affidavit of Defendant's manager, Cheryl Ryon ("Exhibit 1") (ECF No. 80-2); (2) the affidavit of Prince George's County Police Department tow officer, Sergeant Alfred Michael ("Exhibit 2") (ECF No. 80-3); (3) Defendant's tow slip ("Exhibit 3") (ECF No. 80-4); (4) Prince George's County, Md., Code of Ordinances § 26-162 ("the Code") regarding abandoned vehicles ("Exhibit 4") (ECF No. 80-5); (5) § 26-166 of the Code regarding impoundment without prior notice ("Exhibit 5") (ECF No. 80-6); (6) § 26-171 of the Code regarding redemption of a vehicle without a hearing ("Exhibit 6") (ECF No. 80-7); (7) § 26-169 of the Code

regarding impoundment hearings ("Exhibit 7") (ECF No. 80-8); (8) § 26-170 of the Code regarding the decision of the hearing officer ("Exhibit 8") (ECF No. 80-9); and (9) a certificate of authority from the PGCPD to dispose of Plaintiff Sanders' vehicle ("Exhibit 9") (ECF No. 80-10). Plaintiff Sanders argues that Defendant's "proffers are grossly inadmissible under the [Federal Rules of Evidence] for want of evidence from a percipient witness thus lacking material relevant evidence, hence the [motion for summary judgment] is deniably facially." (ECF No. 84, at 4). Plaintiff Sanders adds that "[t]he proffer in support of [Defendant's] motion is inadmissible, lacking foundation, lacking proof of genuineness of documents, gross double and triple hearsay and attorney vouching[.]" (*Id.*, at 6).

Plaintiff Sanders, in effect, argues that the evidence Defendant has presented in support of its motion is inadmissible under Fed.R.Civ.P. 56(c)(2), which permits parties to object to material supporting or disputing a fact if that material "cannot be presented in a form that would be admissible in evidence." "The objection [] contemplated by . . . Rule [56(c)(2)] is not that the material has not been submitted in admissible form, but that it cannot be." *Brown v. Siemens Healthcare Diagnostics, Inc.*, No. DKC-11-0769, 2012 WL 3136457, at *5 (D.Md. July 31, 2012) (citations and internal quotation marks omitted); *see also Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538-39 (4th

4

Cir. 2015) ("The court and the parties have great flexibility with regard to the evidence that may be used on a [summary judgment] proceeding. The court may consider materials that would themselves be admissible at trial, and the content or substance of otherwise inadmissible materials where the party submitting the evidence show[s] that it will be possible to put the information into admissible form." (citations and internal quotation marks omitted)).

First, it is not clear that Plaintiff Sanders made a proper objection that "the material cited by [Defendant] cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). Second, Plaintiff Sanders makes only bare assertions that the materials provided by Defendant are inadmissible without explanation as to why each individual item is ineligible for submission at trial. Finally, it nevertheless appears that all of the materials are likely to be admissible at trial. Thus, Plaintiff Sanders' evidentiary objections are without merit. Accordingly, all of Defendant's exhibits will be considered.

**B. Rule 56(d)**

As a preliminary matter, Plaintiff Sanders argues that Defendant's motion for summary judgment must be denied because the parties have not conducted discovery. (ECF No. 84, at 4). Plaintiff Sanders states that discovery has "not been engaged or completed" and invokes Fed.R.Civ.P. 56(d) as support for his argument. (*Id.*, at 1-3).

Ordinarily, summary judgment is inappropriate if "the parties have not had the opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Rule 56(d) allows the court to deny a motion for summary judgment or delay ruling on the motion until discovery has occurred if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

The Fourth Circuit places "great weight" on the affidavit requirement and has observed that "[a] reference to [Rule 56(d)] and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a [Rule 56(d)] affidavit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F.Supp.2d 331, 342 (D.Md. 2011) (quoting *Young v. United Parcel Serv., Inc.*, No. 08-cv-2586-DKC, 2011 WL 665321, at *20 (D.Md. Feb. 14, 2011)). A non-moving party's Rule 56(d) request for discovery is properly denied where "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted). Put simply, Rule 56(d) does not authorize

"fishing expedition[s]." *Morrow v. Farrell*, 187 F.Supp.2d 548, 551 (D.Md. 2002), *aff'd*, 50 Fed.Appx. 179 (4th Cir. 2002).

Here, it is undisputed that Defendant moved for summary judgment prior to engaging in any discovery. (*See* ECF No. 83 ¶ 1). However, Plaintiff Sanders' affidavit does not comply fully with the Rule 56(d) requirements. The affidavit merely states that he "ha[s] yet to conduct any discovery[.]" (ECF No. 84, at 9). Plaintiff Sanders does not state what discovery he seeks to conduct or provide specific reasons why discovery would allow him to "present facts essential to justify [his] opposition." Fed.R.Civ.P. 56(d). Given the Fourth Circuit's emphasis on the affidavit requirement and the inadequacy of Plaintiff's affidavit, Defendants motion for summary judgment will not be denied under Rule 56(d).

### C. Trespass to Chattel and Conversion Claims

Defendant argues that, because it was acting under the direction of PGCPD and in accordance with the Prince George's County Maryland Code of Ordinances ("the Code") regarding abandoned vehicles, no wrongful taking occurred. (ECF No. 80-1, at 6). Indeed, Defendant cites the Code extensively to justify its conduct, including its refusal to return Plaintiff Sanders' vhicle without payment and, ultimately, scrapping the truck. (*Id.*, at 4-6). Specifically, Defendant asserts that it lawfully towed and impounded the vehicle pursuant to § 26-166 of the Code because it "did not have a license tag on it" at the time of towing and it was "parked on a public

7

street at 12109 Birchview Dr., Clinton, M[d] 20735." (ECF No. 80-2 ¶ 3). Defendant adds that "the company has no record of [a request] from Plaintiff" Sanders for the return of his vehicle. (ECF No. 80-1, at 5). Defendant concludes that it lawfully scrapped Plaintiff Sanders' vehicle at the direction of the PGCPD because Plaintiff failed to "redeem the vehicle by payment of the appropriate charges" or prevailing at a hearing to dispute the impoundment of the vehicle. (*Id.*, at 6-7).

In response, Plaintiff Sanders contends that Defendant unlawfully towed his vehicle because he did not violate § 26-166. (ECF No. 84, at 6). Plaintiff Sanders also states that he "should not have been required to 'redeem' the truck nor pay for its 'release' since it was confiscated wrongfully by . . . [D]efendant." (*Id.*, at 5).

Under Maryland law, trespass to chattel is defined as "an intentional use or intermeddling with the chattel in possession of another," resulting in a "chattel [that] is impaired as to its condition, quality, or value." *United States v. Arora*, 860 F.Supp. 1091, 1097 (D.Md. 1994) (quoting Restatement (Second) of Torts, §§ 217(b), 218(b)) (internal quotation marks omitted), *aff'd*, 56 F.3d 62 (4th Cir. 1995). Similarly, "a claim for conversion requires: (1) the plaintiff's right to possess the disputed property, and (2) an intentional taking of that property by a person without authority or permission." *Travel Comm., Inc. v. Pan Am. World Airways, Inc.*, 91

Md.App. 123, 183 (1992). Importantly, both torts "include as an element the wrongful exercise of dominion over property . . . inconsistent with another's right of control of the property[.]" *Davis v. Toyota Motor Credit Corp.*, 251 F.Supp.3d 925, 929 (D.Md. 2017) (citing *Staub v. Staub*, 37 Md.App. 141, 143 (1977)). "The difference between the two torts is fundamentally one of degree, trespass constituting a lesser interference with another's chattel, conversion a more serious exercise of dominion or control over it." *Arora*, 860 F.Supp. at 1097.

Defendant admits that it towed Plaintiff Sanders' vehicle and later disposed of it. The parties dispute whether Defendant lawfully towed Plaintiff Sanders' vehicle according to Prince George's County, Md., Code of Ordinances §§ 26-162 and 26-166. § 26-162(b)(3) defines an abandoned vehicle as a motor vehicle that "has remained on public property for more than forty-eight (48) hours[] and [] is not displaying currently valid registration plates." § 26-166(a)(7) states that an abandoned vehicle "[l]ocated on any public street, highway, roadway, shoulder, other public property or public utility right-of-way" is subject to impoundment without prior notice. Defendant states that the truck was parked on a public street and did not have a valid license plate. (ECF Nos. 80-2 ¶ 3). Defendant's assertion is supported by First Sergeant Alfred Michael's statement that "[t]here is no record of a license tag being affixed to the

9

vehicle."[2] However, Plaintiff Sanders' affidavit states that the truck was legally "parked in another driveway across from [Plaintiff Sanders'] home which he protected from vandals and vandalism." (ECF No. 84 ¶ 8). Additionally, Plaintiff Sanders' affidavit states that the vehicle's "plates were affixed and tags current." (*Id.*)

Summary judgment "may not be invoked where, as here, the affidavits present conflicting versions of the facts which require credibility determinations." *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979); *see also Am Metal Forming Corp. v. Pittman*, 52 F.3d 504, 507 (4th Cir. 1995) (finding summary judgment could not be granted in the face of conflicting affidavits). Thus, a genuine dispute of material fact exists as to whether Defendant lawfully towed and disposed of Plaintiff Sanders' vehicle. Accordingly, Defendant's motion for summary judgment will be denied.

## IV. Conclusion

For the foregoing reasons, Defendant Marlboro Towing/Champion Towing & Services, Inc.'s motion for summary judgment will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] First Sergeant Alfred Michael is the officer in charge of Prince George's County Police Department's Tow Coordination Unit. (ECF No. 80-3, at 2).